**O'KEEFE v. UNITED STATES**
(three cases).
Nos. 4740–4742.

United States Court of Appeals
First Circuit.
Jan. 7, 1954.

Joseph S. Vahey, Boston, Mass., for appellant.

Charles F. Choate, Asst. U. S. Atty., Boston, Mass. (Anthony Julian, U. S. Atty., and Edward D. Hassan, Asst. U. S. Atty., Boston, Mass., with him on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

The appeal in No. 4740 is from a judgment imposing a sentence of nine months' imprisonment upon Donald T. O'Keefe for criminal contempt. It is one of a number of companion cases arising out of the federal grand jury investigation of

the Brink's robbery in Boston on January 17, 1950.[1] Our main opinion in this group of cases is in Carlson v. United States, No. 4732, 1 Cir., 209 F.2d 209.

Donald O'Keefe is a brother of the notorious "Specs" O'Keefe, the latter being suspected of complicity in the Brink's robbery. Donald's own reputation, however, up to the time of his involvement in this case, has been clean and respectable, so far as appears.

Early in December, 1952, appellant, pursuant to summons, appeared before the grand jury investigating the Brink's robbery. An Assistant United States Attorney questioned him at some length with reference principally to his occupation, sources of income, acquaintance with various underworld characters, trips he had made to Bradford County Jail in Towanda, Pennsylvania, to visit his brother "Specs" O'Keefe. To numerous questions he responded that he was unable to remember. Others he declined to answer on the ground of his privilege against self-incrimination.

On December 8, 1952, the grand jury filed with the court a "presentment" against him reciting that "Donald Thomas O'Keefe appeared before the Grand Jury, and did wilfully, deliberately, and contumaciously, by evasion and irresponsive answers, obstruct the process of this Court, and did obstruct justice in failing and refusing to answer proper questions in the Grand Jury proceedings". The court gave notice of a hearing on the presentment. At the hearing the government introduced in evidence the stenographic transcript of appellant's examination before the grand jury, and rested. Appellant was then called as a witness in his own behalf, and sworn. Counsel stated that he wished to interrogate the witness on the questions and answers in the grand jury transcript, to show that he had testified truthfully in

the answers he had given, and that in the instances where he had invoked the privilege against self-incrimination he had done so in the honest belief that the answers to such questions would tend to involve and incriminate him in violations of federal law. The court, however, refused to allow this line of questioning. It ruled that it would not "permit questions in connection with that record". It stated that it would only hear the witness to the extent that he might indicate a desire to change any of the answers he had given before the grand jury: "I think I am entitled to hear answers which will mitigate, but that alone." At the conclusion of the hearing, the court announced its finding that appellant had been contumacious in that he had given "evasive, obstructive answers to a large number of proper questions in a situation where it has been made perfectly clear that you are not a suspect and were not a suspect and that you had nothing to do with any crime of violence." Thereupon it imposed the sentence now under review.

This case essentially is the same as Hooley v. United States, No. 4743, 1 Cir., 209 F.2d 219, and will be disposed of in the same way for the reasons indicated in our opinion in that case. See also our opinion in Carlson v. United States, supra.

Donald O'Keefe's appeals in Nos. 4741 and 4742 from two subsequent orders of the district court will be dismissed as moot in view of the disposition of No. 4740.

In No. 4740, the judgment of the District Court is vacated and the case is remanded with direction to that Court to dismiss the criminal contempt proceeding against Donald T. O'Keefe on the grand jury's presentment.

The appeals in Nos. 4741 and 4742 are dismissed as moot.

1. The other opinions in this group of cases are in Carlson v. United States, No. 4732, 1 Cir., 209 F.2d 209; Hooley v. United States, No. 4743, 1 Cir., 209 F.2d 219; Maffie v. United States, 1 Cir., 209 F.2d 225; Daly v. United States, 1 Cir., 209 F.2d 232; and Hooley v. United States, 1 Cir., 209 F.2d 234.