**HOOLEY v. UNITED STATES**
(three cases).

Nos. 4737–4739.

United States Court of Appeals
First Circuit.

Jan. 7, 1954.

Joseph J. Gottlieb, Boston, Mass. (Lawrence E. Cooke, Boston, Mass., with him on brief), for appellant.

Charles F. Choate, Asst. U. S. Atty., Boston, Mass. (Anthony Julian, U. S. Atty., and Edward D. Hassan, Asst. U. S. Atty., Boston, Mass. with him on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

In No. 4737, Mary A. Hooley appeals from a judgment of the district court entered December 16, 1952, imposing upon her a sentence of imprisonment for one year upon conviction of the offense of criminal contempt. This is one of a group of appeals which we heard together, since they all arose out of a federal grand jury investigation of the Brink's robbery in Boston on January 17, 1950, and had several features in common.[1] See our main opinion in this group of cases in Carlson v. United States, No. 4732, 1 Cir., 209 F.2d 209.

Mrs. Hooley is a sister of "Specs" O'Keefe, one of the prime suspects in connection with the Brink's robbery. She is also the wife of Paul J. Hooley, who was appellant in No. 4743, 209 F.2d 219.

As appears in Hooley v. United States, No. 4743, 1 Cir., 209 F.2d 219, the Boston home of Mr. and Mrs. Hooley was searched on April 27, 1950, pursuant to a search warrant issued by a United States Commissioner upon application by a special agent of the Federal Bureau of Investigation. In applying for the warrant the FBI agent affirmed, under oath, that he had reason to believe that approximately $60,000, a part of the Brink's loot, was being unlawfully held and possessed by Paul and Mary Hooley and secreted in their home. The return to the warrant recited that "nothing was found to be seized."

Subsequently, Mary Hooley was summoned as a witness before the grand jury investigating the Brink's case. She appeared and was duly sworn, and during several days early in December, 1952, she was subjected to a searching and vigorous examination by an Assistant United States Attorney. The transcript of her testimony before the grand jury covers 96 printed pages of the present record.

She proved to be an evasive and uncooperative witness, and her frequent "I don't remember" answers were strongly suggestive of perjury.

The Assistant U. S. Attorney repeatedly assured her that she had nothing to fear personally from giving truthful answers to the questions; that she was not suspected of being a participant in the Brink's robbery; that the government was not contemplating seeking any indictment against her in connection therewith; that she had "immunity" in connection with any testimony she might give before the grand jury. But the type of questioning to which she was subjected belied these disarming assurances. The interrogator continued to press her for answers which might indicate that she had been a knowing recipient, directly or indirectly, of part of the Brink's loot, or that she had criminally participated in a conspiracy to hide part of the money and to prevent its being traced by FBI agents. One would indeed be naïve to suppose otherwise, after reading the transcript of her examination.

To several key questions she responded that she declined to answer on the ground of her privilege against self-incrimination. At this point it is hardly necessary to observe that the privilege, if otherwise properly invoked, is not defeated by the assurance of the U. S. Attorney that the witness will be held immune from indictment on account of any

1. The other opinions in this group of cases are in Carlson v. United States, No. 4732, 1 Cir., 209 F.2d 209; Hooley v. United States, No. 4743, 1 Cir., 209 F.2d 219; O'Keefe v. United States, 1 Cir., 209 F. 2d 223; Maffie v. United States, No. 4735, 1 Cir., 209 F.2d 225; and Daly v. United States, 1 Cir., 209 F.2d 232.

admissions which may be elicited from her.

Notwithstanding the pretty plain indications of perjury, the government elected not to proceed against Mrs. Hooley by way of indictment for that offense. Instead, on December 8, 1952, the Assistant U. S. Attorney went before the district court and made an oral motion that Mrs. Hooley be adjudged in contempt. The district court promptly adjudged her guilty of contempt and imposed a sentence of one year. However, upon indication by Mrs. Hooley that she would like an opportunity to engage counsel, the district court vacated the sentence and order, held her in $5,000 bail, and continued the case.

On December 16, 1952, the case came on for hearing on the government's oral motion for adjudication in contempt. At this hearing it seems that the district court did not regard itself as proceeding under Rule 42(b) of the Federal Rules of Criminal Procedure, 18 U. S.C., to determine whether Mrs. Hooley had committed a completed criminal contempt of the court's authority in her appearance before the grand jury. See our discussion in Carlson v. United States, No. 4732, 1 Cir., 209 F.2d 209. Upon the contrary, the court concentrated its attention upon seven or eight questions as to which Mrs. Hooley had claimed her privilege against self-incrimination at the grand jury examination. The court determined that answers to several of these questions could not tend to incriminate Mrs. Hooley, apparently in view of the government's assurances that she was not a suspect. The court then ordered Mrs. Hooley to go back to the grand jury and answer these particular questions. In open court her counsel announced that Mrs. Hooley stood upon her constitutional rights and would decline to obey the court's order; whereupon the court entered the judgment now under review adjudging her guilty of the offense of criminal contempt, presumably under 18 U.S.C. § 401(3). In this respect the case is like Maffie v. United States, No. 4735, 1 Cir., 209 F.2d 225.

As we pointed out in Carlson v. United States, No. 4732, 1 Cir., 209 F.2d 209, where the proceeding before the court calls for no more than a determination whether a witness has improperly invoked the privilege against self-incrimination in declining to answer certain questions before the grand jury, followed by a court order directing the witness to go back and answer the questions as to which the privilege is ruled not to be available, this is not a proceeding as to which Rule 42 of the Federal Rules of Criminal Procedure is applicable. Nevertheless the constitutional requirement of due process of law makes it necessary for the judge to give the witness an adequate opportunity to be heard, and to introduce evidence, if the witness so desires, bearing on the issue whether, disregarding merely fanciful and far-fetched hypotheses, it is clearly evident from the implications of the question, in the setting in which it is asked, that a responsive answer might be dangerous because injurious disclosure could result. The witness is entitled, if he so desires, to testify before the court to facts tending to explain his answers and his apprehension that a truthful answer might tend to incriminate him. Instead of relying upon impressions derived from a reading of the transcript of the grand jury examination, the court thus has an opportunity to observe the demeanor of the witness and to form a personal judgment as to his credibility and truthfulness.

Such a hearing was denied appellant in the present case. Counsel called Mrs. Hooley to the stand to explain to the court "that she had a right to feel apprehensive and that her constitutional privilege would be violated if she were compelled to answer these questions." The court declined to hear her testimony, saying, "it is a question that has got to be determined by me, and it is not going to be determined by what some witness may say." This pro-

cedural error rendered nugatory the ruling by the court that the privilege was unavailable as to the six or seven questions involved, with the result that the order to Mrs. Hooley to go back and answer them was not a "lawful" order within the meaning of 18 U.S.C. § 401 (3). It is too late now to remand the case for further proceedings, since the grand jury has long since been discharged. The case will have to be dismissed.

In view of this disposition in No. 4737, appeals by Mrs. Hooley in Nos. 4738 and 4739 from two subsequent orders of the district court will be dismissed as moot.

In No. 4737, the judgment of the District Court is vacated and the case is remanded with direction to that Court to dismiss the proceeding against Mary A. Hooley on the oral presentment by the United States Attorney.

The appeals in Nos. 4738 and 4739 are dismissed as moot.