ENRICHI v. UNITED STATES.
No. 4783.

United States Court of Appeals,
Tenth Circuit.
May 14, 1954.

Ralph M. Clark and Thomas J. Morrissey, Denver, Colo. (W. F. Dwyer, Denver, Colo., on the brief), for appellant.

Robert Swanson, Asst. U. S. Atty., Denver, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Obedient to a subpoena served upon him, appellant appeared before a grand jury empaneled by the United States Court for Colorado. In response to questions propounded to him, he gave his name, age, and address. But he refused to answer all other questions on the ground that to answer them might incriminate him. And he stated that he refused to answer any questions. The grand jury presented to the court a petition for an order directing appellant to show cause why he should not be punished as and for criminal contempt. Appellant appeared in person and by attorney. In the course of the hearing, the court advised the parties that in its opinion some of the questions propounded were proper and should have been answered, and that others were criminating in character and the refusal to answer them was well founded. The court in effect directed appellant to return to the grand jury room, answer the questions which were clearly not of a criminating nature, and claim his constitutional right against answering questions which he believed in good faith would tend to incriminate him. And the court observed that after that had been done the court would determine whether the refusals were well founded. With the approval of the court, the attorney and appellant thereupon went outside the court room and consulted. After returning, the attorney stated to the court that if appellant should go before the grand jury again, he would claim his privilege as he had already done. The court then found appellant guilty of contempt, committed him to jail for a period of six months, and ordered him to pay a fine of $500. The appeal is from that judgment.

The Fifth Amendment provides in presently pertinent part that "No person * * * shall be compelled on any criminal case to be a witness against himself * * *". The protection afforded by the constitutional provision extends to answers which in and of themselves would support a conviction under a federal criminal statute and also to answers that would open sources of information which might reasonably furnish a link in the chain of evidence needed in the prosecution of the claimant for a federal crime. In other words, the provision protects a witness against answering questions propounded if they cannot be answered with entire impunity. Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110; Blau v. United States, 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170; Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Aiuppa v. United States, 6 Cir., 201 F. 2d 287.

The provision in the amendment must be accorded a liberal construction in favor of the right which it was intended to secure to the citizen. Counselman v. Hitchcock, supra; Arndstein v. McCarthy, 254 U.S. 71, 41 S.Ct. 26, 65 L.Ed. 138; Hoffman v. United States, supra. But the protection is to be confined to instances in which the witness has reasonable cause to apprehend dan-

ger from a direct answer. It does not extend to remote possibilities out of the ordinary course of law. Mason v. United States, 244 U.S. 362, 37 S.Ct. 621, 61 L.Ed. 1198; United States v. Doto, 2 Cir., 205 F.2d 416. And a witness is entitled to refuse to testify only when he has reasonable cause to apprehend danger of incrimination from a direct answer. Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819; Kiewel v. United States, 8 Cir., 204 F.2d 1.

■■ It is for the court not the witness to determine whether a question is of such character that an answer would incriminate the witness or would subject him to a real danger of further crimination. Otherwise, it would be in the power of a witness to withhold pertinent evidence by a mere colorable pretense that his answers to questions would have a tendency to implicate him in an offense under federal law. And in determining whether a question is criminating in nature, the court should take into consideration the question itself and the setting in which it is asked. United States v. Burr, 25 Fed.Cas.No.14,692e, page 38; Hoffman v. United States, supra; Kiewel v. United States, supra.

The district courts of the United States are vested by statute with power to punish by fine or imprisonment contempt of their authority consisting of misbehavior in their presence or so near thereto as to obstruct the administration of justice, misbehavior of any of their officers in their official transactions, and disobedience to their lawful writs, processes, orders, rules, decrees, or commands. That statutory grant of power is contained in 18 U.S.C. § 401. Federal Rule of Criminal Procedure 42, 18 U.S.C. concerns itself with contempt. Subdivision (a) of the rule provides that criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court; and that the order of contempt shall recite the facts and shall be signed by the judge and entered of record. And subdivision (b) provides among other things that, except as provided in subdivision (a), criminal contempt shall be prosecuted on notice.

■ It is unnecessary to a decision of this case to consider singly or in groups the questions propounded to appellant while a witness before the grand jury in respect to whether they were of such character that direct answers to them would tend to incriminate him or in respect to whether they were of such nature that to answer them would furnish a link in the chain of evidence needed in a prosecution of him for a crime or crimes under the laws of the United States. A stenographic transcript of the proceedings before the grand jury was attached to the petition for the order to show cause and was introduced in evidence on the hearing before the court. From such transcript it appeared that in addition to refusing to answer singly or seriatim the numerous questions propounded to him, in response to one question appellant stated without condition or qualification that he refused to answer any questions; and in the course of the hearing before the court, the court called attention to such total refusal. The statement made to the court in the course of the hearing that if appellant again went before the grand jury he would again claim his privilege as he had theretofore done amounted to a reiteration of his blanket refusal to answer any questions asked by the grand jury. It was nothing short of a sweeping refusal in the presence of the court to reply to any and all questions which might be propounded to him in the grand jury room. That constituted completed criminal contempt committed in the presence of the court, within the purview of 18 U.S.C. § 401. And it was not protected by the Fifth Amendment. This general principle was clearly recognized in a series of recent cases. Carlson v. United States, 1 Cir., 209 F.2d 209; Hooley v. United States, 1 Cir., 209 F.2d 219; O'Keefe v. United States, 1 Cir., 209 F.2d 223; Maffie v. United States, 1 Cir., 209 F.2d 225; Daly v. United States, 1 Cir., 209

F.2d 232; Hooley v. United States, 1 Cir., 209 F.2d 234. It is true that in those cases the judgment of conviction was vacated or the appeal was dismissed. But in none of them did it appear that the claimant of silence stated in the grand jury and reiterated in the presence of the court his unconditional and unqualified blanket refusal to answer any questions asked by the grand jury. Here, appellant did.

The judgment is affirmed.