No. 20953.

CLARENCE SMALDONE *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(405 P.2d 208)

Decided July 19, 1965.     Rehearing denied September 13, 1965.

EDWARD S. BARLOCK, C. J. BERARDINI, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John E. Bush, Assistant, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

Pursuant to subpoena Clarence Smaldone, hereinafter referred to either by name or as the witness, appeared before a grand jury then sitting in Jefferson County, which body according to the District Attorney had been empaneled to "probe gambling activities in the Denver Metropolitan area."

After being sworn the witness in response to questions propounded to him by the District Attorney gave only his name and address and then refused to answer a series of questions put to him by the District Attorney, his refusal being on the ground that his answers thereto "might tend to incriminate me, invoking my rights as a citizen under Article II, section 18 of the Colorado Constitution, and under the Fifth Amendment of the Constitution of the United States." In response to a specific inquiry, the witness stated that he would make "the same answer," which was an unequivocal refusal to answer, to any and all questions which the District Attorney had asked — or might ask — of him.

Shortly thereafter the District Attorney caused the witness to be brought before the trial court in connection with his refusal to answer the several questions propounded to him by the District Attorney before the grand jury, asking "the court to determine whether or not these questions were proper, and, if so, order the witness to answer and if he refuses, hold him in contempt." Thereupon all of the questions which the witness had theretofore refused to answer before the grand jury were read to the court by the court reporter in the presence of the witness and his attorney.

Thereafter, in response to an inquiry by the court, the witness stated that even if directed to go before the grand jury and answer the questions which he had theretofore refused to answer, he would not do so and his answers would in each instance be the same as he had previously given, *i.e.*, a complete refusal to answer any and all questions which the District Attorney might propound, save and except the perfunctory questions as to his name and address. Whereupon the trial court promptly held the witness to be in contempt and sentenced him to four months in the county jail. By writ of error Clarence Smaldone now seeks reversal of the judgment finding him guilty of contempt.

In our view the action of the trial court under the circumstances was proper and the judgment of contempt must therefore be affirmed. In so holding we approve and adopt the rationale of *Enrichi v. United States*, 212 F.2d 702. In that case one Enrichi, appearing before a grand jury empaneled by the United States District Court for Colorado, in response to questions propounded to him gave only his name, age and address, and then refused to answer all other questions asked of him by the United States District Attorney on the ground that such might tend to incriminate him. Before the grand jury Enrichi categorically stated that he refused to answer any and all questions which might be propounded to him by the United States District Attorney, save and except the questions pertaining to name, age and address.

Thereafter, the matter was brought to the attention of the court. Upon hearing, the trial court "in effect" directed Enrichi to return to the grand jury room and answer those questions which were clearly not of an incriminating nature and to claim his constitutional right against answering questions which he believed in good faith would tend to incriminate him. And the trial court in that case then indicated that after such had been done, the court would then determine whether the re-

fusals, if such there might be, were well founded. It was in this setting that the attorney for Enrichi, after consultation between himself and the witness, advised the court that "if .... [Enrichi] should go before the grand jury again, he would claim his privilege as he had already done." Upon this record the trial court then proceeded to forthwith find Enrichi guilty of contempt and thereafter sentenced him to jail for a period of six months and also ordered him to pay a fine of $500.

It is to be noted that in *Enrichi v. United States, supra,* the court did not pass on the propriety of any particular question or series of questions propounded to the witness by the United States District Attorney before the grand jury. Nor did the court order the witness to answer any particular question or series of questions. Rather, the basis for the judgment of contempt was the statement of the witness that if he should go before the grand jury "he would claim his privilege as he had already done."

In affirming this judgment, on review, the United States Court of Appeals, Tenth Circuit, declared as follows:

"It is unnecessary to a decision of this case to consider singly or in groups the questions propounded to appellant while a witness before the grand jury in respect to whether they were of such character that direct answers to them would tend to incriminate him or in respect to whether they were of such nature that to answer them would furnish a link in the chain of evidence needed in a prosecution of him for a crime or crimes under the laws of the United States. A stenographic transcript of the proceedings before the grand jury was attached to the petition for the order to show cause and was introduced in evidence on the hearing before the court. From such transcript it appeared that in addition to refusing to answer singly or seriatim the numerous questions propounded to him, in response to one question appellant stated without condition or qualification that he refused

to answer any questions; and in the course of the hearing before the court, the court called attention to such total refusal. The statement made to the court in the course of the hearing that if appellant again went before the grand jury he would again claim his privilege as he had theretofore done amounted to a reiteration of his blanket refusal to answer any questions asked by the grand jury. It was nothing short of a sweeping refusal in the presence of the court to reply to any and all questions which might be propounded to him in the grand jury room. That constituted completed criminal contempt in the presence of the court, within the purview of 18 U.S.C. § 401. And it was not protected by the Fifth Amendment."

■ Application of the so-called "blanket refusal" rule as set forth in the *Enrichi* case leads inevitably to the conclusion that Clarence Smaldone, like Enrichi, was also guilty of a "completed criminal contempt committed in the presence of the court." This type of contempt under well-established rules may with propriety be handled in summary fashion. See Rule 107(b), R.C.P. Colorado and *Wall v. District Court,* 146 Colo. 74, 360 P.2d 452.

Clarence Smaldone, like Enrichi, in the presence of the grand jury made a blanket refusal to answer any and all questions which might be propounded to him by the District Attorney, and thereafter, as in the *Enrichi* case, Clarence Smaldone in the presence of the trial court reiterated his blanket refusal to answer all questions which had been asked of him before the grand jury or even questions which might have been asked of him before that body. In the instant case, as in the *Enrichi* case, it is the act of defiance in refusing to answer any and all questions which might be asked of him, which act was committed by the witness in the presence of the court, that forms the basis for the judgment of contempt. Accordingly, we are not here concerned with an alleged contempt committed *outside* the presence of the court. Hence Clarence Smaldone's main contention

12

that, at the most, his was an alleged contempt committed *outside* the presence of the court which could only be prosecuted upon appropriate notice is inapplicable and to no avail.

The other matters urged by Clarence Smaldone as grounds for reversal have been examined, but all are found to be wanting. The judgment is therefore affirmed.