No. 20951.

EUGENE SMALDONE *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(404 P.2d 279)

Decided July 19, 1965.

ROBERT BUGDANOWITZ, EDWARD S. BARLOCK, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

BY writ of error Eugene Smaldone seeks reversal of an order of the trial court adjudging him guilty of contempt and sentencing him to the county jail for a period of four months.

Pursuant to subpoena, Eugene Smaldone, who will hereinafter be referred to as the witness, appeared before a grand jury then sitting in Jefferson County. The witness upon inquiry by the District Attorney gave his name, but then refused to answer a series of questions propounded to him by the District Attorney on the grounds that his answers thereto might tend to incriminate him. The witness made it quite clear that he would not answer any question which the District Attorney might ask of him, save and except the perfunctory one as to his name.

The foregoing occurred shortly before 9 p.m. on August 29, 1963. The witness was immediately taken by the District Attorney before a trial judge who happened to be in the court house at the particular time. At this hearing the trial court held that the witness was justified in invoking his constitutional right against self-incrimination as to only two of the many questions asked of him, and that the balance of the questions were proper and not subject to the claim that an answer thereto by the witness might tend to incriminate him.

The trial court then asked the witness as to the questions asked of him before the grand jury, save and ex-

cept as to the two questions which the court had just ruled might tend to incriminate, "would your answers to the remaining questions be the same"? The witness in response thereto inquired as to whether if he answered the questions he would thereby waive his right to claim his privilege as to other questions which might be asked of him by the District Attorney before the grand jury. The court answered this question in the negative, observing that the witness had "the right to invoke the Fifth Amendment at any time." Further colloquy occurred between the trial court and the witness concerning the general subject of waiver, with the court finally concluding that the witness "must rely upon what your attorney tells you . . . . I am just voicing what my feeling is and of course I can be overruled at any time." It was in this context that the witness stated that his "answer is the same as I gave in the jury room." Thereupon the trial court proceeded to adjudge the witness to be in contempt and sentenced him to the county jail, no period of time being fixed by the court at this particular hearing.

If the contempt proceeding had been finally concluded at this hearing, the judgment and sentence under the circumstances would have been affirmed under the blanket refusal rule announced in *Enrichi v. United States,* 212 F.2d 702 and approved and adopted by us in *Clarence Smaldone v. People,* 158 Colo. 7, 405 P.2d 208. But this hearing did not conclude the matter, as the trial court further advised the witness that "if he decided to appear before the grand jury and . . . . answer the questions, he — of course — would be released from this contempt order." Hence, we must next proceed to examine the record of the subsequent hearing which was held as to this witness, in order to determine whether such required the trial court to "release" the witness from the contempt order or on the contrary justified the court in its continuing order that the witness was still in contempt of court.

Some seven days later the witness was again brought before the trial court. This hearing culminated in a finding by the court that the witness was still in contempt and in a sentence to the county jail, this time for a definite period of four months.

In our view the record of this later hearing fails to justify the action taken by the trial court. Specifically, such fails to disclose any blanket refusal by the witness to reappear before the grand jury and answer questions propounded him by the District Attorney. On the contrary, the trial court itself noted that the witness on this occasion through his attorney agreed to go before the grand jury and answer those questions which the witness deemed would not tend to incriminate him. In this regard, it is to be noted that the witness agreed to answer most — but not all — of the questions theretofore propounded to him by the District Attorney before the grand jury.

At this particular point in the proceeding the trial court indicated that in view of the witness's statement as to his willingness to testify he should be afforded the further opportunity to appear before the grand jury. The District Attorney, however, objected to such procedure, insisting that the witness had to agree to answer *all* questions, excepting the two which the court had particularly ruled were improper. In this regard, it should be noted that the record fails to disclose just what questions propounded by the District Attorney the witness felt he could answer without incriminating himself, and which questions he would decline to answer on the ground that such would incriminate him. From an examination of the questions propounded the witness by the District Attorney before the grand jury it is quite evident that certain of the questions which the trial court held to be non-incriminating were in fact quite conceivably incriminating in nature. Hence, it is a little difficult to determine whether the witness's refusal to answer certain of the questions asked of him was proper

or not. Be that as it may, it was at the urging of the District Attorney that the trial court decided to "stay with the original order" and again proceeded to adjudge the witness in contempt and sentenced him to the county jail for a period of four months.

The foregoing recital demonstrates that at the so-called second hearing the witness did *not* defy the trial court by asserting a blanket refusal to answer any and all questions before the grand jury. As a matter of fact, at this hearing the witness in the instant case volunteered to do that which in the *Enrichi* case the trial court directed Enrichi to do and which in response thereto Enrichi asserted his blanket refusal to answer any question, *i.e.,* to return to the grand jury room and answer those questions which were not of an incriminating nature and to claim his constitutional right against answering such questions which he believed in good faith would tend to incriminate him. Hence, *Enrichi v. United States, supra,* does not control the present controversy.

The witness having thus withdrawn his prior blanket refusal to answer questions before the grand jury by agreeing to appear before the grand jury and to answer questions which did not incriminate him, and the record not disclosing any refusal to comply with an order of court that he answer any particular question, the trial court under such circumstances should have ordered that the witness be "released" from the contempt order and should have at that point in the proceeding followed his initial inclination and ordered the witness to reappear before the grand jury. Hence the judgment of contempt must be, and is, reversed for the reason set forth in *Clyde Smaldone v. People,* 158 Colo. 16, 404 P.2d 276.