No. 21473.

PEOPLE OF THE STATE OF COLORADO *v.* L. C. AUSTIN.
(412 P.2d 425)

Decided March 28, 1966.

446

Duke W. Dunbar, Attorney General, John Bush, Assistant, Joseph J. Dolan, District Attorney, for plaintiff in error.

Hutchinson & Hutchinson, Stanley A. Black, Hindry, Erickson & Meyer, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

The parties to this action are L. C. Austin, a Boulder County Commissioner, and the People of the State of Colorado. Both parties will be referred to by name.

Pursuant to a request of the District Attorney for Boulder County, a grand jury was empaneled by the District Court for Boulder County to investigate charges of alleged irregularities in the County Commissioners' office of that county.

During the investigation, Austin appeared to testify before the grand jury without subpoena. Before he testified, the deputy district attorney informed Austin that he was one of the subjects of the investigation being conducted by the grand jury. Moreover, Austin was carefully advised of his right to refuse to answer any

question if in his opinion the answer to such questions might prove incriminating. Austin responded that he understood the nature of his rights and that he did not waive any of his constitutional rights.

Realizing that Austin may have misinterpreted the manner in which he might invoke his privilege against self-incrimination, the deputy district attorney further instructed Austin that, as to each particular question which might tend to incriminate him, the privilege must be invoked or else it would be waived by answering the question. Austin again repeated that he understood and that he was ready to testify. He stated that he wanted to cooperate and tell the truth.

It appears also from the record that Austin had the benefit of advice from his attorney before he appeared before the grand jury and, in fact, arrangements for his appearance were made through his attorney.

We do not have the proceedings of the grand jury before us, but no claim is made that Austin objected to any question propounded to him before the grand jury, and it could very well be that every answer which he made was exculpatory and not incriminating.

The grand jury returned an indictment against Austin for malfeasance in office under C.R.S. '53, 40-7-47. Austin then moved to quash the indictment on the ground that his testimony before the grand jury was given while he was a subject to their inquiry and that Article II, Section 18 of the Colorado Constitution granting him privilege against self-incrimination therefore forbids the prosecution of this action. He contends, moreover, that he in no manner waived this privilege by his actions before the grand jury.

The court granted the motion to quash the indictment and the People seek a reversal.

Essentially, it is the People's position that under the Colorado rule, voluntary testimony before a grand jury by one who is the subject of the investigation does not in and of itself grant immunity to the witness; and that,

in the instant case, Austin waived his privilege against self-incrimination by his conduct before the grand jury.

We are in agreement with the People's position and the judgment quashing the indictment is reversed for the reasons hereinafter discussed.

■ Although there are a few jurisdictions supporting Austin's theory that no charge may be brought by a grand jury against one who, while the subject of the investigation, appears before the grand jury, our research discloses that the rule as announced in Colorado, the majority of the states and the federal courts is to the contrary. We therefore hold that the appearance and voluntary testimony by a potential defendant before a grand jury, after being fully advised both of his constitutional rights and that he is the subject of the investigation, is not in violation of the privilege against self-incrimination. *People v. MacPhail,* 118 Colo. 478, 197 P.2d 315; *Rogers v. People,* 104 Colo. 594, 94 P.2d 453; *Radinsky v. People,* 66 Colo. 179, 180 Pac. 88; *O'Connell v. United States,* 40 F.2d 201 (2nd Cir.) *cert. denied* 296 U.S. 667.

To hold otherwise would be, as Justice Burke said in *Rogers v. People, supra,* "to hold that one whose conduct is under investigation, may rush to the grand jury room, demand to be heard, *ignore all warnings,* and if he be permitted to open his mouth. he is thereby forever absolved of his offense. To state the proposition is to refute it." (Emphasis supplied.)

■ Immunity from self-incrimination is one of the cornerstones of our system of government. Its roots are ancient, traversing time back through the common law, the Justinian Code, even to the ancient Hebrew Code of Law. It must be zealously guarded as one of the institutions upon which our entire concept of justice in this republic is founded. Yet it cannot and must not be worshipped blindly, as a fetish — as one writer so aptly puts it. To apply the rule contended for by Austin would, in our view, be to extend the application of the

privilege beyond the bounds of reason, and we decline to do so here.

It is true, however, that Austin's appearance, even if voluntary, did not in and of itself destroy his right to insist upon his privilege against self-incrimination. But even if we were to assume that Austin's testimony contained incriminating statements, which as we have pointed out we do not know as a matter of record here, Austin, so far as the record here is concerned, answered each question freely and without objection that the answer might tend to incriminate him. The People take the position that under the circumstances present, the privilege was therefore waived. We agree.

Austin would have us believe that he did not waive the privilege. He bases his contention on the following colloquy which took place just before he testified:

"Q. Mr. Austin, before proceeding with this matter, we wish you to be advised sir, that you are one of the subjects of the investigation being conducted by this Grand Jury. You understand that, sir?

"A. I do.

"Q. And being one of the subjects of the investigation by the Grand Jury, please be advised that the Fifth Amendment to the Constitution of the United States provides that no person shall be compelled in a criminal case to be a witness against himself. And a proceeding before a Grand Jury for the purpose of determining whether or not a crime has been committed is a criminal case. *You have a right to refuse to answer any question which you think might incriminate you. However, you may answer these questions and waive that right.* But in doing so, you must understand that any statement you make or any evidence you give might be used against you in some future criminal matter. Do you understand, sir? (Emphasis added.)

"A. Yes, sir.

"Q. And with this understanding, are you willing to tell this Grand Jury about the matters asked of you?

"A. Sir, I will be most happy to cooperate in any way that I can. I will tell the truth. But I don't waive any of my constitutional rights.

"Q. Then, Mr. Austin, I think I should state to you *further that on each question which you answer, when you answer the question as to that particular question, you have waived your right to exercise your constitutional and legal right under the Fifth Amendment as to that question. Knowing that, are you willing to proceed?* (Emphasis added.)

"A. Yes, sir.

"Q. Now, with this warning, which you have with respect to the Fifth Amendment and your rights, both legal and constitutional under that Amendment, *may I ask you again are you willing to proceed and answer with the right at all times and as to each question, sir, to refuse to testify if you believe that your answer to the question might tend to incriminate you? You understand that, sir?* (Emphasis added.)

"A. Yes, sir."

 Austin's position here ignores the basic proposition that the privilege against self-incrimination is an option of refusal, not a prohibition of inquiry. It is well settled that the privilege against self-incrimination may not be asserted in advance of the questions actually propounded. *United States v. Harmon,* 339 F.2d 354. See also *Clarence Smaldone v. People,* 158 Colo. 7, 405 P.2d 208. The proper procedure is to wait until a question which tends to be incriminating has been asked and then decline to answer. Otherwise the privilege is normally waived when the question is answered. And that is exactly what the district attorney told Austin before he testified.

We are not here dealing with a witness who professes ignorance of his constitutional rights. Indeed, he could not, for not only did Austin consult his lawyer and receive advice from him before he testified, but he was repeatedly and fully informed of his constitutional rights

by the deputy district attorney. In spite of this, Austin proceeded to answer every question without objection. In so doing we hold that he waived his constitutional privilege against self-incrimination.

Since there was no infringement upon Austin's constitutional privilege against self-incrimination, either in appearing before the grand jury or in the testimony which he gave freely, it follows that the judgment quashing the indictment was improper.

Accordingly, the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

MR. JUSTICE MOORE not participating.