MR. JUSTICE ERICKSON
delivered the opinion of the Court.
*436 This interlocutory appeal was taken from an order suppressing the defendant’s testimonial admissions made by Charles Rudy Lamorie during the trial of another defendant. We reverse and remand for trial on the merits.
Lamorie was originally charged with burglary of two separate houses in a two-count indictment. As a result of a plea bargain, Lamorie was permitted to plead guilty to the reduced charge of misdemeanor theft and obtained a deferred prosecution on the remaining burglary count. His co-defendant, Jerry Lee Derrera, was tried for the two burglaries. Both the prosecution and defense subpoenaed Lamorie to testify in Derrera’s trial. Lamorie told the district attorney that he would testify that Derrera had nothing to do with the burglaries and that he alone was responsible. The defendant was then advised by the district attorney that he could not again be prosecuted for the two burglaries to which he had entered pleas, but that if he testified that Derrera was not implicated, he could be charged with perjury. The district attorney did not call Lamorie as a witness.
Derrera’s counsel, however, called Lamorie as a witness. When the subject matter reflected by his testimony became known to the trial judge, Lamorie was given a proper warning and was told that he had the right to exercise his privilege against self-incrimination. Lamorie then persisted in his testimony and on cross-examination not only admitted the burglary of the two houses, but also admitted that he attempted to burglarize a third house which was adjacent to the other two houses. Thereafter, he was charged with perjury and with attempted burglary of the third house.
Defense counsel filed a series of motions attacking the new charges. The trial court heard the motions relating to the charge of attempted burglary and granted the defense motion to suppress the defendant’s testimony at the Derrera trial on the grounds that he had not been properly warned of his rights against self-incrimination and had not had counsel appointed to advise him. This was error. While we have held that some warnings may be required when an investigation has focused upon a potential defendant and, as a witness, he is subject to questioning about his prior acts, we find that Lamorie’s privilege against self-incrimination was fully protected. See, e.g., People v. Spencer, 182 Colo. 189, 512 P.2d 260 (1973); People v. Austin, 159 Colo. 445, 412 P.2d 425 (1966); People v. Schneider, 133 Colo. 173, 292 P.2d 982 (1956).
First, it appears that the questions directed to the witness were within the permissible scope of cross-examination. The prosecution was entitled to explore the witness’ activities during the evening in order to test his credibility and to establish his relationship, if any, with defendant Derrera. On these facts, it does not appear that the prosecution sought to elicit incriminating statements from the witness. Compare United States v. Mandujano, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976) (Miranda inapplicable to grand jury witness even assuming that witness *437 was “focus” of investigation and “was indeed a ‘putative defendant’”). The public clearly has a right to every person’s evidence. United States v. Mandujano, supra (Marshall, J., concurring in judgment).
Second, this was not the sort of “custodial interrogation” which was intended to trigger the full compliment of protections outlined in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See United States v. Mandujano, supra; see also Oregon v. Mathiason, 45 U.S.L.W. 3505, (U.S. January 25, 1977) (per curiam) (mere existence of incidental coercive aspect and police suspicion does not constitute “custodial interrogation.”). In this case, Lamorie was given a flat option not to testify at all. Therefore, any arguable coercion implicit in the use of a subpoena was adequately negated by the express directions of the trial judge. Compare State v. Iverson, 187 N.W.2d 1 (N.D. 1971) (while some compulsion is inherent in a subpoena, Miranda is expressly inapposite to “general questioning of citizens in fact-finding process”).
Finally, any reasonable warning requirement was met by the trial judge’s careful admonition in this case. The options available to the defendant were clearly laid out, and his decision to testify constituted a voluntary and intelligent waiver of his Fifth Amendment privilege. See People v. Austin, supra. This was clearly not a “critical stage” to which the right to counsel attaches. See United States v. Mandujano, supra.
Accordingly, we reverse the ruling of the trial court and remand for trial on the merits.
MR. CHIEF JUSTICE PRINGLE does not participate.