The PEOPLE of the State of Colorado,
Petitioner-Appellee,

In the Interest of I.O., Child,

And Concerning R.O. and G.O.,
Respondents-Appellants.

No. 84CA0233.

Colorado Court of Appeals,
Div. I.

Aug. 22, 1985.

Rehearing Denied Oct. 3, 1985.

Certiorari Denied Jan. 13, 1986.

James K. Kreutz, Douglas County Atty., Englewood, Jane E. Kardokus, Castle Rock, for petitioner-appellee.

Pferdesteller, Vondy, Horton & Coren, P.C., Fred W. Vondy, Denver, for respondents-appellants.

PIERCE, Judge.

Parents, R.O. and C.O., appeal from a trial court order terminating their parent-child relationship with their daughter, I.O. We affirm.

Subsequent to a dependency and neglect petition filed in January 1982, without admitting allegations in the petition, the parents stipulated to the court's jurisdiction over their son and daughter. The children were thereafter adjudged dependent and neglected in June 1982. A treatment plan was agreed upon by the parties and was incorporated into the court's order in July 1982. Additional provisions directed princi-

pally toward the mother were later approved and also incorporated. During the same year, criminal charges were brought against the father, and he was convicted in December 1982, on counts of second degree sexual assault, aggravated incest, sexual assault on a child, and child abuse.

After several reviews by the trial court of progress on the treatment plan in 1983, a hearing concerning termination of parental rights was held in September 1983. That hearing resulted in the return of the son to the parents' custody, and in the termination of their rights with respect to I.O.

The parents' appeal focuses on a particular statement which appears in the treatment plan under a heading "Needs as identified by the Department of Social Services to be addressed in Case Plan...." The third of eight enumerated "needs," states as follows:

"Parents' acceptance of responsibility for the sexual abuse by supporting the child."

This statement was later rephrased by agreement of the parties to clarify that a candid disclosure of the parents' role in the sexual abuse of I.O. to the therapist was the requirement.

As concerns this statement, the father argues that it violates his constitutional privilege against self-incrimination in that it attempts to force his confession to criminal acts.

The father's self-incrimination privilege was never properly invoked here. First, although the statement complained of was objected to at the initial hearing, the parties only sought clarification of the statement's "language" and did not assert any constitutional privilege. Second, although the father's attorney argued to the court in a preliminary motion that the father's constitutional rights against self-incrimination were being violated, the father himself did not invoke his privilege.

■ The privilege against self-incrimination may not be asserted in advance of questions actually propounded; it is an op-tion of refusal, not a prohibition of inquiry. *People v. Austin,* 159 Colo. 445, 412 P.2d 425 (1966). The proper procedure is to wait until a question which tends to be incriminating has been asked and then decline to answer. *People v. Austin, supra.*

■ Here, this procedure was not followed. Instead, although the father denies making any confessions, he did make various admissions at the termination hearing without declining to answer or invoking his privilege against self-incrimination. Therefore, any opinion we may render concerning this issue would have no practical legal effect upon the existing controversy. *Lininger v. City of Sheridan,* 648 P.2d 1097 (Colo.App.1982). As a result, the father's constitutional contention is moot and will not be considered.

The parents also contend that the undue emphasis on the confession rendered the treatment plan improper and inoperable. We disagree.

■ The appropriateness of a plan can only be measured by examining the likelihood of its success in accomplishing its purpose of reuniting the parents with their child. *People in Interest of B.J.D.,* 626 P.2d 727 (Colo.App.1981). Here, several therapists indicated that admission by both parents of the occurrence of the sexual abuse was a necessary initial step not only to resolving the parents' difficulties, but also to providing the daughter with security that the situation was not her fault and that she would not be sexually abused again.

■ In this light, the treatment plan's requirements and identified areas for improvement were realistic and not improper nor inoperable. It is also apparent that the plan was not complied with in several aspects.

Thus, the termination of the parent-child relationship here was properly premised upon the lack of success of, and non-compliance with, the treatment plan. *Cf. People in Interest of B.J.D., supra.*

The parents' other contention lacks merit.

The order is affirmed.

BERMAN and STERNBERG, JJ., concur.