## No. 10,095.

### COOLIDGE, ET AL. *v.* THE PEOPLE, EX REL.

Decided July 3, 1922. Rehearing denied October 2, 1922.

Plaintiffs in error were adjudged guilty of contempt of court.

### *Affirmed.*

1. CONTEMPT—*Review.* In reviewing judgments in contempt, the supreme court goes no further than to inquire if the court pronouncing sentence had jurisdiction of the parties and of the offense charged.

2. *Jurisdiction—Information.* It is not necessary that an information for contempt allege in express words that the court has jurisdiction, when it contains a specific allegation of the nature of the offense and that it was committed in the county where the information is pending.

3. *Information—Verification.* An information for contempt, verified by the district attorney on information and belief is sufficient.

4. *Sentence.* Sentence in a contempt proceeding reviewed and held not to be cruel or unusual.

5. *Information—Surplusage.* An information for contempt, although containing unnecessary allegations, is nevertheless sufficient, if after eliminating the superfluous matter, there remains a direct charge stating the offense.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. JOHN T. MALEY, Mr. NORTON MONTGOMERY, Mr. FRANK C. WEST, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, Mr. CHARLES H. SHERRICK, assistant, for the people.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiffs in error as defendants below were adjudged guilty of contempt of court, in that they corruptly approached and attempted to bribe certain witnesses for the people to testify falsely in a criminal case then pending in the district court of the City and County of Denver. Counsel for the defendants recognize the settled doctrine of this court to be that, in the review of judgments in contempt, this court goes no farther than to inquire if the court pronouncing sentence had jurisdiction of the parties and of the offense charged. Notwithstanding this concession of counsel they have brought up the evidence, or some portion thereof. Just why they so earnestly ask. this court to consider it in connection with the pending review, is not entirely clear. It would seem, however, that at least one of their purposes in incorporating the evidence in the record, and in asking us to read it, is that they contend that, even if the court had jurisdiction in the first instance, it so far departed from the appropriate procedure in such cases as to lose jurisdiction to pronounce sentence. Only in an indefinite way, and without calling to our attention in what such departure consists, do they allege impropriety. We are not called upon to search for error in the record. It is incumbent upon the plaintiffs in error to discover and present the same, if any there be. We may, with propriety, say that we discover no such departure by the court from the practice applicable that warrants even a remote inference that the court committed error. So far as we are able to determine from the record the court strictly followed the ordinary procedure.

The main contention of plaintiffs in error is that the court had no jurisdiction in the first instance, because the information, by which the contempt proceeding was initiated, does not state sufficient facts to constitute an offense. Another reason urged is that the deputy district attorney, who verified the information, did not swear to

the same positively but upon information and belief.

Neither of these contentions is good. The information in apt words specifically charges that the defendants, and each of them, naming them, at the City and County of Denver and in the Denver courthouse and the court yard, corruptly endeavored to bribe and induce certain witnesses for the people to testify falsely upon the trial of a criminal case then pending in the district court of the City and County of Denver, and the information contained other necessary ingredients applicable to a proceeding of this nature. There is no ground whatever for the assertion that the information does not show on its face that the defendants were guilty of an attempt to commit bribery and to induce witnesses to testify falsely, but it is said the information does not allege, in so many words, that the district court of the City and County of Denver had jurisdiction of the criminal offense to which the witnesses in question were called by the people to testify. The information expressly alleges that a certain criminal case, the number of which is designated, was then pending in the district court of the City and County of Denver, and that the indictment or information therein charged the defendants therein with the crime of feloniously and unlawfully living on and being supported and maintained, in whole or in part, by the moneys and other valuable consideration realized, procured and earned by a female person, naming her, through the prostitution of her body, and that the crime was committed in the City and County of Denver, in the state of Colorado. It is not essential in such a case for an information to allege in express words that the court has jurisdiction of the offense when it contains a specific allegation of the nature of that offense, and that the offense was committed in the county where the indictment or information is pending. This contempt information specifically alleges all the necessary facts to show that the district court—a constitutional court of original, general jurisdiction in all civil and criminal actions —had jurisdiction to try the offense charged.

It is further said that the failure of the district attorney positively to verify the information is a fatal defect, and, therefore, the district court acquired no jurisdiction of these defendants. There is a recent and well considered case by the United States Circuit Court of Appeals of the Eighth Circuit, entitled *Creekmore v. United States,* and reported in 237 Fed. 743, 150 C. C. A. 497, and in Lawyers' Reports Annotated, 1917C, 845, in which that court, after an exhaustive review of many authorities, says that an information for a constructive criminal contempt, filed by a district attorney, is not insufficient because verified on information and belief. Were it necessary we would be inclined to follow the doctrine of this case. It is not necessary in this case to apply that doctrine, for the information here is supported by the affidavits of four witnesses, each of which is verified positively, and these affidavits abundantly support and repeat the charges set forth in the information itself. Under all the authorities that we have examined, an information, thus verified and supported by affidavits, is good.

In the case of *People v. News-Times Publishing Co.,* 35 Colo. 253, 84 Pac. 912, it was held that the absence of a verification of the information is not fatal to the jurisdiction of the court in a case of constructive contempt. The court there said that it was permissible at common law to initiate such proceeding upon an unverified information signed by the attorney general. We see no reason why the same rule should not be applied to an unverified information filed by a district attorney in the district court. Certainly if an unverified information, when filed by the prosecuting officer, confers jurisdiction, an information, verified by him on information and belief, likewise confers jurisdiction. If the rule were otherwise and the prosecuting officer was obliged to verify positively, it would be impossible for him in many cases to inform himself sufficiently to make a positive verification.

Another objection is that the court imposed a cruel and unusual punishment. Two of the defendants were

fined five hundred dollars each and sentenced to one year in the county jail, and a third defendant was sentenced to pay a fine of two hundred and fifty dollars and to imprisonment in the county jail for six months. There are few offenses so despicable, and which so effectively obstruct the administration of justice, as bribery or attempted bribery of witnesses, either in a civil or criminal case. If these defendants are guilty of the offense charged, and we are bound to presume that they are, the punishment inflicted by the court is neither cruel nor unusual. It might well have been a heavier fine and a longer sentence in jail.

It may be true that the information filed in this case contains more than is required, but if all such unnecessary allegations be eliminated as superfluous, there remains a direct charge in as apt words as could be used in stating the offense. That being true our inquiry is at an end, for, as already stated, by repeated decisions of this court that is the extent to which we may go, since we are not privileged to pass upon the weight or sufficiency of the evidence. The judgment of the district court is right and it is accordingly affirmed.

MR. CHIEF JUSTICE SCOTT not participating.