No. 15,786.

SHAPIRO *v*. SHAPIRO.
(175 P. [2d] 887)

Decided December 2, 1946.

502

Mr. Isaac Mellman, for plaintiff in error.

Mr. William H. Scofield, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

Mary E. Shapiro instituted action for divorce against plaintiff in error Max S. Shapiro. In the interlocutory decree defendant was ordered to refrain from molesting or annoying plaintiff or any members of her family and was further ordered to make semimonthly payments into the registry of the court for the support of plaintiff and their minor son. Thereafter plaintiff filed affidavit reciting the restraining provision contained in the interlocutory decree and alleging that defendant had committed certain specified acts in violation thereof and had failed to make payments as ordered by the court. Citation was issued and after hearing thereon the court found plaintiff in error had violated its order; that defendant's acts were "contemptuous and in utter disregard of and, in fact, attempting to and putting the court in disrepute." In punishment of such contempt the court ordered defendant confined in the county jail for nine months.

Among the several points specified as error, we

deem it necessary to consider only two. First, that the court had no jurisdiction, for the reason that no motion, supported by affidavit that a contempt had been committed out of the presence of the court, was presented as a basis for the issuance of citation to show cause. In fact, the citation was issued pursuant to plaintiff's affidavit reciting the facts alleged as constituting contempt. No formal motion or petition was filed, but plaintiff's affidavit contained the statement, "That this affiant makes this affidavit to the end that a citation shall issue out of and under the seal of this honorable court directing the defendant to appear and show cause at a time certain why he should not be punished for contempt." Such statement itself is equivalent to a motion for the issuance of citation upon the affidavit. The fact that it is included in the affidavit instead of being presented as a separate document did not invalidate its effect or deceive as to its purpose, and the intent of the rule— 107(c) R.C.P. Colo.—is fully observed thereby.

■ It is further urged that the court lacked jurisdiction to impose the definite jail sentence, in that the citation failed to contain the statement required by rule to authorize the imposition of such punishment. In formulating rule 107(d), the court recognized the distinction between a remedial order, the purpose of which is primarily to enforce obedience to its writ, and a punitive order to vindicate the authority of the law and uphold the dignity of the court. In the former case the fine which may be imposed is limited to the damages and expense resulting from the contempt and is payable to the person damaged thereby, and the imprisonment which may be imposed may continue only until the contemnor shall comply with the order of the court. In the latter case the fine or imprisonment is not dependent on damage or subsequent performance, but is a matter solely within judicial discretion. In the former case the contemnor is advised of the acts asserted as showing

contempt by the affidavit and is advised by the rule as to the limit of punishment.

On the other hand, if a punitive, rather than a remedial, fine or punishment is to be inflicted, it is proper that the person charged should have notice of such purpose and its likely more serious result in order that he may be enabled understandingly to shape his course and prepare his defense. Accordingly, there was included in said rule 107(d), following the provisions regulating and limiting remedial punishment, the sentence, "In addition thereto, to vindicate the dignity of the court, if the citation so states, a fine or imprisonment may be imposed." In the case before us, the affidavit recited acts alleged as constituting contempt and the citation merely recites that it appears to the court that the defendant has violated a restraining order therein mentioned and an order to pay certain sums of money, and he is commanded to appear and show cause why he should not be punished for contempt for neglect and refusal to comply with the order of the court. The requirement of the rule is one of substance and purpose. In the absence of the required statement in the citation, the court had authority to punish remedially for the benefit of the person damaged thereby, but not punitively to vindicate the dignity of the court as was here attempted.

Plaintiff has filed petition herein for allowance for costs expended and attorney fees for services rendered in connection with the writ of error here considered. In view of the fact that the order of the court below was punitive and for the purpose of upholding the authority of the court, rather than remedial and for the benefit of plaintiff, it was likewise not for the benefit of plaintiff to oppose defendant therein.

Accordingly, the prayer of plaintiff's petition is denied, and the order of the trial court committing defendant to jail is reversed.