No. 17,844.

SARAH E. CONWAY *v.* DANIEL J. CONWAY.
(299 P. [2d] 509)

Decided July 16, 1956.

Mr. JOSEPH E. MAKER, for plaintiff in error.

Mr. BEN KLEIN, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error was defendant in a divorce suit commenced by defendant in error. The action resulted in a final decree of divorce in favor of plaintiff in error on December 6, 1945. We will refer to the parties as they appeared in the trial court. The parties had one child whose custody was awarded to the defendant. The divorce decree provided: "* * * that plaintiff pay to defendant the sum of $85.00 per month payable in equal semi-monthly installments of $42.50 each beginning December 15, 1945 * * * until the further order of Court * * *."

On January 27, 1955, defendant filed a motion for a citation for contempt of court on the part of plaintiff, and by affidavit advised the court that plaintiff was in arrears in payments required by said decree in the sum of $6,390.00. She further stated in her affidavit that plaintiff "* * * is in contempt of this Honorable Court and should be fined or imprisoned to vindicate the dig-

nity of the Court." A contempt citation was issued, served, and hearings had thereon, resulting in dismissal of the contempt citation and a finding that the arrearage under the decree amounted to $2,480.00. From the evidence the court concluded that "Defendant knew of plaintiff's whereabouts for years before any action was taken; he was accessible and amenable to Court action during all this time, and yet no proceeding was instituted by the Defendant or her Counsel. Accordingly, the Court feels that it could not invoke a punitive remedy in this case."

From this ruling defendant brings the case here on writ of error.

█ █ The power to punish for contempt should be used with caution after due deliberation, and only when necessary to prevent actual, direct obstruction of, or interference with, the administration of justice. The matter of dealing with contempt is within the sound discretion of the trial court and its determination is final unless an abuse of such discretion is clearly shown. The citation pursuant to which plaintiff appeared in court recited it was issued "to vindicate the dignity of the court." The trial judge is always charged with the duty of protecting the dignity of the court and to enforce its valid orders. In the instant case the trial court, in the exercise of its discretion, discharged the citation.

█ Nowhere in the pleadings did defendant ask for a judgment against plaintiff for the arrears in support money, and no such judgment was ever entered. While it is true the trial court did evaluate the testimony and considered the defendant's unequivocal statement that the $82.50 awarded in the divorce decree "are for the child and myself," its determination of the amount of the arrearage was based partly on the fact that the plaintiff's obligation to support the son, who at the time of the hearing was twenty-four years of age, had long since ceased. This, together with plaintiff's testimony that during many of the years involved he was "broke,"

82

and the long delay on the part of defendant in seeking relief, pursuaded the trial court to dismiss the citation.

There being no judgment for arrears to which a writ of error will lie, we can consider only the action of the trial court in dismissing the contempt citation. In this we observe no error, and the judgment is affirmed.