No. 19,253.

JOHN R. WALL, ETC. *v.* DISTRICT COURT OF THE TENTH JUDICIAL DISTRICT.
(360 P. [2d] 452)

Decided March 20, 1961.

Mr. JOHN R. WALL appearing pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E.

Hickey, Deputy, Mrs. Patricia H. Maloy, Assistant, Mr. John E. Bush, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

Plaintiff in error, to whom we will refer as Wall, is before this court on writ of error directed to a judgment of the district court of Pueblo county adjudging him to be in contempt and assessing a fine of $100.00.

Wall was the attorney for Martha B. Whittenburg in a divorce action pending in said court. By order of the court, custody of the minor child of the parties was granted to the wife with certain visitation rights to the husband. Subsequent to the entry of this order the husband moved the court for temporary custody of the child for the period July 17, 1959, to July 30, 1959, in order that he might take her with him to the home of relatives in Alabama and Georgia during his vacation. This motion came on for hearing before the court on the 17th day of July, 1959.

The husband amended his motion on the date of hearing to request the right to visit said child daily during this period, the child having already arrived in Alabama for a visit with her older married half-sister. This visit had been theretofore approved by the court. The only purpose of the motion, as amended, was to suspend the limitations on the visitation rights of the father during the period July 17, to July 30. He testified very briefly that he wanted the right of daily visitation of the child while in Alabama. During the cross-examination by Wall the following took place, inter alia:

"MR. WALL: May I ask what counsel is amending his motion? I don't understand the amendment. THE COURT: He had asked permission to take her down. She is down there. He wants just to visit her while he visits the the other relatives. MR. WALL: May I see

the motion? THE COURT: I am not going to permit argument on the motion. I want to hear the facts. I am in the middle of a trial, for the final — MR. WALL: If the Court pleases. I ask a continuance on this hearing until the Court has time to hear the motion. THE COURT: The Court's not going to. It's just for a short visitation. I am going to hear it right now.

\* \* \*

"THE COURT: Well, the Court is going to permit the defendant — MR. WALL: If the Court please, I would like to please say a word before the Court makes a ruling. I would like to put Mrs. Whittenberg on the stand. THE COURT: I am not going into the financial part. I just want to know why she is objecting. MR. WALL: I am trying to show the Court the purpose that this defendant here desires to get this child. This defendant has in his mind, if the Court please, that he is going to take her from without the jurisdiction of this Court. That is what he is after. And he will never return that child to the jurisdiction of this Court, and this Court will never have that child again. That child will be taken from its mother. I don't believe that — this — this defendant has harassed this plaintiff all through this case, if the Court please, and we thoroughly believe that it is the purpose and intent of this defendant to take that child from without the jurisdiction of this Court, and I humbly plead with this Court not to grant the motion of this defendant. He can wait this two weeks, and, if he is back here in Colorado, he can see that child. At the time the Court ordered this child might go to her sister's home, the Court expressed the idea that it would be a good thing for this child to get away from both the mother and father for a time, and I believe it is a good thing. THE COURT: Now, Mr. Wall, you have said why, and that's sufficient. I am not going to listen to any more. I don't have the time. I have got to get instructions ready. I am not going to listen. MR. WALL: This — this is very important for the child's —

THE COURT: Mr. Wall, I am going to have to hold you in contempt. MR. WALL: I will have to be in contempt, then. THE COURT: All right, I fine you $50.00, Mr. Wall. MR. WALL: Then I will earn the $50.00. THE COURT: All right, one hundred dollars. MR. WALL: Yes, sir. I will appeal that hundred-dollar fine. THE COURT: All right, you can appeal it. MR. WALL: I will appeal that fine, if the Court please. A great injustice is being done this plaintiff and this child and I resent it. THE COURT: And if you would let the Court talk instead of yourself, I was going to tell you that I wasn't ordering — letting him take the child now, but he could visit down there, and that's all he is asking, and I am letting him do it.

\* \* \*

"THE COURT: \* \* \* you will deposit that fine in the Clerk of the Court immediately or — and you won't practice in this Court until you do deposit it. MR. WALL: I will deposit it under protest, if the Court please. And I certainly intend to appeal to the Supreme Court. THE COURT: That's your privilege."

On July 30, 1959, thirteen days following the hearing, the trial court signed a formal order in the contempt matter which in pertinent part is as follows:

"1. That both parties have been most bitter at each other and that numerous hearings have been had, many unnecessary and unusually protracted, because each attorney was unnecessarily catering to the whims of their clients; and that as a result the Court was already familiar with all aspects of this action and the habits and tendencies of the parties. \* \* \*

2. That the motion was for permission to let the defendant have temporary custody of the child from July 17, 1959, until July 30, 1959, when he was going to Alabama to visit his folk there; and that the child was already in Florida and was to visit the maternal and paternal relatives while there; that the motion had been

changed to ask that he be permitted to visit the child while she was with any of her relatives.

3. That this Court, in order to keep up with its work, constantly hears various motions on divorces at 9:00 a.m. and 1:30 p.m.; that at the time in question the Court and attorneys in a trial case were trying to get instructions ready to go to the jury and the Court overlooked the fact that this case has been set at 1:30; however, at about 1:15 p.m. the Court was advised that the parties were waiting on the Court for the said hearing.

4. That the Court advised counsel that the hearing must be short because of this, and thereafter certain proceedings were had; a transcript of such proceedings is attached and made a part of this Order.

5. That because the said John R. Wall, Esquire, was shouting so that he could not hear the Court and because of his contentious and offensive remarks addressed to the Court, the Court finds that said John R. Wall, Esquire, wilfully committed acts that were calculated to and did offend the dignity of this Court.

IT IS THEREFORE ORDERED, in order to vindicate the dignity of this Court, that the said John R. Wall be and he is hereby fined the sum of $100.00."

Wall argues as grounds for reversal that the ruling of the trial court was arbitrary and capricious and that it was not supported by the record. He contends that from the record itself we must determine as a matter of law that the trial court acted arbitrarily and capriciously and that there was no contempt on his part. From the inanimate words of the transcript from which we have hereinabove quoted there might be a question as to whether the trial court exercised that degree of patience which is to be commended. However there are other factors to be considered which are not reflected by the printed word. The demeanor, facial expressions, mannerisms, volume of voice, and all those attitudes of mind which are visible to the eye by conduct of party which

do not take the form of printed words, must be considered.

█ Wall knew at the time of the hearing that the child was in the custody of her half-sister in Alabama. The only matter before the court at the hearing was whether the father should be granted the right to visit her there. The court clearly stated that this was the sole issue of the hearing. In spite of this, Wall insisted in making argument and presenting facts which were immaterial and irrelevant to that issue. The appellant had no objection to defendant's prior visitation rights, yet objected to visitation rights being temporarily increased.

Rule 107 (b) R.C.P. Colo., provides as follows:

"When a contempt is committed in the presence of the court it may be punished summarily. In such case an order shall be made reciting the facts constituting the contempt, adjudging the contemner guilty of contempt and prescribing the punishment therefor. *Such order shall be final and conclusive.*" (Emphasis supplied.)

In *Coolidge v. People,* 72 Colo. 35, 209 Pac. 504, we stated, inter alia:

* * * Counsel for the defendants recognize the settled doctrine of this court to be that, in the review of judgments in contempt, this court goes no farther than to inquire if the court pronouncing sentence had jurisdiction of the parties and of the offense charged. Notwithstanding this concession of counsel they have brought up the evidence, or some portion thereof. Just why they so earnestly ask this court to consider it in connection with the pending review, is not entirely clear. * * *"

█ In *Fort v. Co-Operative Farmers' Exchange,* 81 Colo. 431, 256 Pac. 319, we find the following:

"Learned counsel for plaintiffs in error, however, contend that this court on review will not stop with the inquiry as to jurisdiction of the court in a contempt proceeding, but will go further and examine the testimony to see if the evidence is sufficient to support the

charges. That is really the substance of the contention, although the language in which the argument is set forth seeks to soften the assertion by saying that the matter is merely one of law as to whether or not any contempt was committed. * * *

*   *   *

"* * * no case in this court has ever held that, in reviewing contempt judgments, we act as trier of facts to ascertain the sufficiency of evidence to support a contempt charge. Where the trial court has jurisdiction and regularly pursues its authority, and there is evidence of contempt, its decision on the facts is conclusive. * * *"

The instant case is controlled by the rule announced in the above cited cases.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.