**Earl R. BREES, Jr., Appellant,**

v.

**KELLY ADJUSTMENT CO., a corporation, Appellee.**

**No. 6380.**

District of Columbia Court of Appeals.

Argued Dec. 5, 1972.

Decided March 29, 1973.

Earl R. Brees, Jr., pro se.

Bernard D. Lipton, Washington, D. C., was on the brief, for appellee.

Before KELLY and FICKLING, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

What began as a simple action for the alleged balance due on a promissory note payable to a credit union and assigned to plaintiff, now appellee, developed over a period of more than two years into a lengthy, confused and confusing record on appeal. Appellant's pro se brief, charging "false statements" by appellee and its attorney, "improper actions" by two judges of the trial court, and a "complete lack of concern for the rights of appellant" by the judges of the trial court, furnishes little aid in ascertaining and deciding the issues presented by this appeal.

The promissory note on which this action was brought was executed by appellant Earl R. Brees, Jr. and Eileen J. Brees. The relationship between the two makers is not clear. The complaint states she was also known as Eileen J. Marinoff and she used the latter name when she filed her "affidavit by the defense," but two years later when he filed a motion for an injunction he joined her as a movant under the name of Eileen J. Brees. We shall hereafter refer to him as the defendant and to her as the codefendant.

When the action was commenced the codefendant was promptly served but service on defendant was not effected although a number of alias summonses were issued. Eight months after commencement of the action plaintiff moved to calendar the case for trial against the codefendant alone. Shortly thereafter the defendant filed a "Motion to be Served" demanding that he be served prior to calendaring for trial. The trial court ruled that this motion constituted an entry of appearance.

When the case came on for trial the co-defendant did not appear but defendant appeared and again demanded to be served and also demanded trial by jury. Both demands were denied and defendant then stated he would "not accept a trial by a judge." Judgment on ex parte proof was rendered against the codefendant, and the case was continued to June 17, 1971, for trial against defendant.

Prior to the trial date defendant filed a renewed demand for trial by jury, and also filed a counterclaim for $100,000 compensatory damages and $100,000 punitive damages. On June 8, the jury demand was again denied and the counterclaim was stricken. On June 14, defendant filed a motion to continue the trial date from June 17 to July 26. He failed to appear on June 17, and the case was ordered to be set for trial at a later date.

The case came on for trial on September 17, 1971. Defendant did not appear and judgment was entered against him on ex parte proof. Garnishments were issued on the judgment on November 2, 1971, and on January 27, 1972, but no funds were found. A third garnishment was issued on February 17 and on February 25 defendant filed notice of appeal from the judgment of September 17, 1971.

On February 28, 1972, defendant filed a motion for injunction and a motion for stay of proceedings to enforce the judgment of September 7, 1971. Attached to the latter was a copy of a five page document addressed to a judge of the trial court "re: Lack of Justice in the Superior Court." The motions were denied, and on March 28, 1972, defendant filed notice of appeal from the denial of his motion to stay enforcement of the judgment. We do not consider the appeal from the denial of the motion because the motion simply sought to relitigate matters previously decided.

Our question is whether the appeal, noted over five months after entry of judgment, should be dismissed under our Rule 4 II(a) (1) which requires notice of appeal in a civil case to be filed within thirty days after entry of judgment. Defendant seeks to avoid that time limitation because of Rule 4 II(a)(3) which provides:

When a judgment or final order is entered or decided out of the presence of the parties and counsel and without previous notice to them of the court's decision, such judgment or order shall not be considered as having been entered, for the purpose of computing the time for filing a notice of appeal, until the third day after notice thereof has been mailed to the parties or counsel by the Clerk of the Superior Court. . . .

Defendant says he was never notified that judgment had been entered against him and consequently the time for taking an appeal never commenced to run. The quoted rule applies when the court takes a matter under advisement and thereafter renders its decision out of the presence of the parties or counsel. It has no application to the present situation where the judgment was rendered in open court in the presence of plaintiff and its counsel and at a time when defendant, had he wished, could have been present.

Defendant now asserts, though it is not clear he ever raised this claim in the trial court, that he was not present at trial because he was not notified of the trial date. The record does not support this claim. Furthermore, it is evident from the record that defendant had actual knowledge of the judgment long before he filed his appeal, and it is significant that nowhere does defendant say when he first acquired knowledge of the existence of the judgment. An inference may be fairly drawn from the record that defendant was fully aware of all proceedings in the case from the time service was effected on the codefendant. We find no valid excuse for the long delay in noting the appeal.

In conclusion we think it proper to observe that in none of the many papers filed by defendant did he ever deny executing the note or assert an infirmity in the note or claim that the note had been paid.

Appeal dismissed.