536 P.2d 845 (1975)
Dorothy A. MARSHALL, Plaintiff-Appellee,
v.
Hollis H. MARSHALL, Defendant-Appellant.
No. 74-199.
Colorado Court of Appeals, Div. II.
March 25, 1975.
Rehearing Denied April 15, 1975.
Certiorari Granted June 23, 1975.
*846 Tinsley, Frantz & Fleming, P. C., Albert T. Frantz, Lakewood, for plaintiff-appellee.
David C. Vigil, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
This is a domestic relations case. Defendant appeals from a judgment of the district court finding him in contempt of court for failure to pay certain sums of money, and sentencing him to 15 days in jail. We reverse.
The parties were divorced on February 2, 1972. At that time five of the seven children born of the marriage were still *847 minors, and among other expenses provided for in the permanent orders were the cost of "tuition, room and board and reasonable expenses of the children in college. . .." No specific amounts were set at that time for such expenses. Subsequently defendant was cited several times for contempt of court for failure to meet certain requirements of the permanent orders. At a hearing on February 22, 1974, evidence was presented as to certain college expenses which had not been paid, and an order was entered directing defendant to pay the amounts due. Further, the court determined that the amount that should be paid as "reasonable expenses" would be $35 per month per child for the two children then in college.
On March 29, 1974, a citation for contempt of court issued to the defendant for failure to comply fully with the court's order of February 22, 1974. At the time of the hearing on the contempt citation, May 2, 1974, the court found that the defendant had failed to pay certain of the college expenses and that the failure to obey the court's order placed him in contempt of court. The court sentenced the defendant to the county jail for 15 days. This appeal is from the latter judgment.
Defendant first contends that the finding of contempt was error because he was in fact unable to make the required payments for his children's college expenses. He argues that at the time permanent orders were entered the court failed to take into consideration his inability to pay for the college expenses in addition to other support items. He further contends that even if the college costs were properly included in the permanent orders, it was error for the court to find him in contempt when he was incapable of making the payments.
At the outset, it appears that defendant would have us now review the permanent orders entered in 1972, review the modification of those orders entered in February 22, 1974, and additionally consider his contention that he cannot be held in contempt for failing to obey a support order which he alleges was made erroneously. These matters are not properly before us. No timely appeal was taken from those orders and they have become final. Therefore, the only questions properly raised by this appeal are the propriety of the contempt order issued on May 2, 1974, and the accompanying sentence.
Plaintiff initiated this contempt proceeding by a motion and affidavit which alleged only that defendant had failed to meet certain payments required by the court. There was no specific allegation that defendant was capable of making such payments, nor did the district court, at the time it found him in contempt, make findings regarding defendant's ability to make such payments. It is the contention of defendant that this failure to raise the issue of ability to pay in the motion and affidavit means that the district court lacked jurisdiction to impose a definite jail sentence. Defendant further argues that a finding of contempt resulting from failure to make court ordered payments can only be predicated upon a finding that defendant could in fact make those payments.
Two types of civil contempt are provided for by C.R.C.P. 107(d). The first consists of a present refusal to perform an act in the power of the person to perform, normally constituting injury to others for whose benefit the act is required. Where such contempt is found, a court may enter a remedial order to enforce obedience consisting of an imposition of imprisonment, not for a definite time, but only until respondent performs the act which he is commanded and is able to perform. However, before a court can make a finding of contempt which would justify a remedial order, it must make findings which are supported by evidence that there is a refusal to perform the act in question, that there is a present duty to perform such act, and that there is a present ability to perform.
The second type of civil contempt consists of conduct derogatory to the authority or dignity of the court. For such *848 contempt, the court may enter a punitive order to vindicate its dignity, imposing a fine or imprisonment, or both, but that punishment should be definite as to amount and time, regardless of subsequent compliance with the court order. The court must, however, make findings of fact which are supported by evidence that respondent's conduct constitutes misbehavior and that such conduct is offensive to the authority and dignity of the court. Furthermore, before a court may consider the issue of contempt which would support a punitive order the citation issued to the respondent must state that punishment may be imposed to vindicate the dignity of the court. C.R.C.P. 107(d); Murley v. Murley, 124 Colo. 581, 239 P.2d 706; Shapiro v. Shapiro, 115 Colo. 501, 175 P.2d 387.
The citation issued to defendant included a statement that punishment could be imposed to vindicate the dignity of the court, as well as incorporating plaintiff's allegations of defendant's conduct which assertedly amounted to contempt of court. Therefore the court had jurisdiction to make a finding of contempt which would support either a remedial or punitive order. However, though the sentence imposed was for a set period of 15 days, the record shows the court stated that defendant could purge himself of contempt by making the payments which were in default. That qualification converted what might otherwise have been a punitive order into a remedial order. Therefore, since this was in the nature of a remedial order, it was incumbent upon the court to have found, based on evidence, that defendant not only refused to pay but also that he was under a present duty to pay and had the ability to make the ordered payments. Since there was no finding made as to his present ability to pay and there was no evidence which would support such a finding, the order cannot stand. Murley v. Murley, supra.
The judgment is reversed and the cause remanded with directions to dismiss the contempt proceeding.
PIERCE and STERNBERG, JJ., concur.