358 A.2d 648 (1976)
Wayne C. WELLS, Appellant,
v.
Deborah Ann WELLS, Appellee.
No. 9752.
District of Columbia Court of Appeals.
Argued January 13, 1976.
Decided June 3, 1976.
*649 King David, Washington, D. C., for appellant.
Edward E. Schwab, Washington, D. C., for appellee.
Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.
YEAGLEY, Associate Judge:
This is an appeal from an order of July 2, 1975, vacating a stay of execution of a 30-day commitment of the appellant for contempt.
The parties were married on September 30, 1967, and had one child. They voluntarily separated in 1968 with appellee taking custody of their daughter. Later appellant filed a complaint for divorce on the ground of voluntary separation for one year without cohabitation which was granted by the court. Custody of the child was awarded to appellee with appellant being ordered to pay $25 per week in child support commencing on April 12, 1971. Appellant made only one payment of child support which was in the sum of $20.
Later the husband twice failed to appear at hearings scheduled on motions for contempt filed by appellee. As a result of appellant's failure to appear, the trial court issued an attachment for contempt in October 1974. Appellant subsequently appeared and a hearing on appellee's most recent motion was held in December 1974, at which time appellant argued that he had not received service of appellee's motions and that the court did not possess therefore the requisite personal jurisdiction to entertain the proceeding. The trial court rejected this contention finding that the appellant had appeared voluntarily in the action. The court stated further that "[b]y implied consent of the parties, issues and facts relating to both the contempt motion and to whether the amount of the support order should be increased were heard and determined by the Court."
The court found the appellant in arrears on the child support payments in the sum of $4,570 and that the child's needs had increased due partly to her poor health and concluded that the support payments should be increased to $50 per week. The court further found that appellant was financially able to make such support payments and also was able to make payments on the arrearages. Accordingly it held appellant in contempt and ordered on December 19, 1974, that he "serve 30 days . . . for his flagrant contempt of this Court's April 7, 1971 order. . . ." The court further ordered that appellant make payment to appellee on the arrearages according to the following schedule: (1) $1,000 on December 20, 1974; (2) 102 weekly payments of $35 beginning on Monday, December 23, 1974. The court then ordered "that the order *650 relating to Mr. Wells' imprisonment be stayed on condition that he comply with the payment schedule ordered for satisfying the $4,570 arrearage." A motion for reconsideration was heard and denied on January 23, 1975.
Appellant defaulted in payments and appellee moved to vacate the stay imposed earlier on the sentence for contempt and for an attachment of appellant's property. The motion was heard on June 27, 1975, and an order was entered on July 2, 1975, finding the appellant had not made the payments required by the order of December 19, 1974, as a condition to the stay of the order sentencing him for contempt. Accordingly it ordered that the stay of execution be set aside and vacated, and that the appellant serve 30 days in the District of Columbia jail. On the same date appellant noted an appeal "from the judgment of this court entered on the 27th day of June 1975", which was the date the court orally noted its decision. We will construe the notice of appeal as relating to the order entered July 2.[1]
Appellant argues on appeal (1) that the trial court lacked jurisdiction to enter the order of December 19, 1974, because he was not personally served with appellee's motion for contempt; (2) that the trial court improperly raised the award of child support by that same order; and (3) that the trial court was without authority to order him jailed for failing to pay the child support award entered at the conclusion of the trial for divorce.
Those alleged errors, however, all relate to the order of December 19, 1974, an order which was no longer subject to review on appeal when the stay of execution was vacated on July 2, 1975.[2] The December order was neither preliminary nor interlocutory in nature.[3] The condition imposed by the court did not affect the finality of the adjudication of contempt but related only to the serving of the jail sentence which it stayed "on condition that he comply with the payment schedule" for the arrearage. The order was in all respects a conclusive determination on the merits of appellee's motion for contempt leaving nothing to be done except that which might be necessary in the exercise of the trial court's enforcement powers. Being a final order, the time allowed for noting an appeal began to run immediately upon its entry. Although appellant's appeal was timely as to the order of July 2, 1975, it was ineffective to challenge the merits of the December order and we are without jurisdiction to review the alleged errors arising from it. Smith v. Canada, D.C.App., 305 A.2d 521 (1973); Harris v. Harris, D.C.App., 304 A.2d 635 (1973); Brees v. Kelly Adjustment Co., D.C.App., 302 A.2d 214 (1973).
Were we to hold otherwise it is conceivable that an appeal would not be taken for many months after entry of the adjudication of contempt so long as the party aggrieved made payments in accordance with the stay of execution. This could unduly delay the timely review of the order for it would permit a party found in contempt not only to postpone review while he made payments under the stay but until after the resolution of a subsequent motion to vacate *651 the stay occasioned by still another and separate default.
Appellant's challenge to the jurisdiction of the court to enter the December order because he had not been personally served with the original motion for contempt is without merit. Adequate notice was all that was required[4] and the record amply indicates that such notice was given. Appellant was informed of the bench warrant for his arrest in a telephone conversation with a United States marshal. More importantly, the court found that he voluntarily appeared in the proceeding on November 22, 1974.[5] Subsequently he recognized the order's validity by making payments under it. The trial court having had jurisdiction for the December 1974 order, the appellant was bound to comply with it unless reversed by timely proceedings. Land v. Dollar, 88 U.S.App.D.C. 311, 190 F.2d 366 (1951), cert. dismissed, 344 U.S. 806, 73 S.Ct. 7, 97 L.Ed. 628 (1952); Wall v. District Court, 146 Colo. 74, 360 P.2d 452 (1961). A timely appeal, however, was not taken.
Appellant also argues that the trial court was without authority to order him jailed for failing to make the child support payments as were set out in the decree dissolving the parties' marriage. The argument is without merit for the sanction which was ultimately levied against him was one which is specifically provided for by statute. D.C.Code 1973, §§ 16-911, -912.
Since we do not sustain any of appellant's assertions of error and as we find no irregularity in the proceeding which followed upon appellee's motion to vacate the stay of execution, the trial court's order of July 2, 1975, granting that motion is
Affirmed.
NOTES
[1] See Glass v. Diesenhof, D.C.Mun.App., 168 A.2d 902 (1961); 9 J. Moore, Federal Practice ¶ 203.18 (2d ed. 1973), and cases cited therein.
[2] D.C.App.R. 4. It is of no concern here whether the contempt portion of the December 1974 order is properly classified as civil or criminal for purposes of rule 4 since in either event the time allowed for appeal would have begun to run upon the entry of the order and would have lapsed long before the appellant filed his notice of appeal.
[3] See Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937); Vincent v. Local 294, International Bro. of Teamsters, etc., 424 F.2d 124 (2d Cir. 1970); Parker v. United States, 153 F.2d 66 (1st Cir. 1946). See generally 9 J. Moore, Federal Practice ¶ 110.13[4] at 167-68 (2d ed. 1973), and cases cited therein.
[4] Richardson v. Richardson, D.C.App., 276 A. 2d 231 (1971); Ebert v. Ebert, 80 U.S.App. D.C. 69, 148 F.2d 226 (1945).
[5] Appellant came to the courthouse that day and was brought before a judge of the Superior Court. The judge quashed the outstanding bench warrant and attachment, and set a date for hearing appellee's contempt motion.