Anton C. VERZUH, Plaintiff-Appellant,

v.

Ronald D. ROUSE, Defendant-Appellee.

No. 80CA0918.

Colorado Court of Appeals, Div. II.

Nov. 12, 1982.

Rehearing Denied Dec. 16, 1982.

Certiorari Denied March 7, 1983.

Klingsmith & Associates, P.C., P.C. Klingsmith, Gunnison, for plaintiff-appellant.

James E. Masson, Delta, for defendant-appellee.

BERMAN, Judge.

This is an appeal by the owner of a ditch easement from a judgment granting him $1,000 in damages for the relocation and modification of his ditch. We affirm.

This action was instituted in 1976 after the plaintiff, owner of a ditch easement, and defendant, owner of the land traversed by the easement, reached an impasse as to how plaintiff's ditch could be modified to accommodate defendant's airport. Plaintiff claimed that if defendant relocated a portion of the ditch into a culvert under the runway, it would endanger his supply of water.

Approximately at the same time the complaint was filed, defendant rerouted the ditch. Plaintiff filed a supplemental complaint seeking an injunction requiring defendant to put the ditch in its original location, for damages in trespass to plaintiff's easement, and for exemplary damages.

After hearing, the trial court issued a mandatory injunction requiring defendant to ensure that water flowed at all times, but it did not require him to restore the ditch to its original location. All other issues were preserved until trial.

During the winter of 1976–1977 plaintiff failed to receive as much water as in other years, and he moved for a contempt citation against the defendant. The trial court awarded plaintiff $21,420 after finding that the decrease in water supply was due to freezing at defendant's culvert. Defendant appealed. In 1978, this court affirmed the award upon finding that the trial court had jurisdiction, the proceedings were regularly conducted, and that there was some evidence of contempt. *See Verzuh v. Rouse* (Colo.App. No. 77–758, September 14, 1978) (not selected for official publication).

Preceding trial on the issues previously preserved by the injunction order, plaintiff again requested an injunction ordering defendant to restore the ditch to its original location. The court, with a new judge presiding, stated in its pre-trial order that it declined to reconsider the 1976 injunction, because it was *res judicata*. Thereafter, the parties agreed that the court need not reconsider all the evidence adduced at the 1977 contempt hearing, and that they could present limited evidence on the events of 1976–1977 only as it related to additional damages.

After trial, the court ruled that plaintiff did not establish by a preponderance of the evidence that the defendant was responsible for the obstruction or obstructions which deprived plaintiff of his water. However, it found that the plaintiff had established additional expenses and inconvenience for his maintenance of the easement of $250 per year, or $1,000, and entered judgment accordingly. Plaintiff appeals that judgment here.

I.

Plaintiff first contends that the court erred in failing to order defendant to restore the ditch to its original location. This argument fails for two reasons.

The trial court considered the result in the previous permanent injunction hearing to be *res judicata*. We believe that it was, more correctly, the law of the case, but the same result pertains.

■ The law of the case and *res judicata* belong to the same family of principles in that they have in view the termination of controverted questions of fact and law. However, *res judicata* differs from the law of the case in that it forecloses parties or privies in one case by what has already been concluded in a previous case involving the same parties or privies and issues, while the law of the case applies to final decisions affecting the same parties to the same case. 1B *Moore's Federal Practice* ¶ 0.401 (2d ed. 1982); *Developments in the Law—Res Judicata*, 65 *Harv.L.Rev.* 818 (1952).

■ The rule of the law of the case "is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *United States v. United States Smelting, Refining and Mining Co.,* 339 U.S. 186, 70 S.Ct. 537, 94 L.Ed. 750 (1950). It is a "discretionary rule of practice," *id.; see also* Note, *Law of the Case*, 40 *Col.L.Rev.* 268 (1940), but is usually applied unless to do so would work a manifest injustice. *See, e.g., White v. Higgins,* 116 F.2d 312 (1st Cir.1940); *Moore's, supra,* at ¶ 0.404[1].

Here, the issue of whether defendant should be required to restore the ditch to its original location was fully considered by the trial court during hearings on the plaintiff's first motion for an injunction and resulted in what was effectively a permanent, mandatory injunction allowing defendant to leave the ditch as relocated, but requiring him to keep it clear of obstructions. We hold that the trial court's decision not to reopen the issue of ditch relocation was not an abuse of discretion, and did not work an injustice.

## II.

Plaintiff next argues that the trial court erred when it failed to apply the doctrine of *res ipsa loquitur* to plaintiff's claim of negligence. This argument also fails.

Plaintiff's claim is not grounded in negligence. Rather, it is a trespass claim, with negligence introduced only in the exemplary damages section of the complaint. Thus, the claim itself is not grounded on a negligence theory. The trial court properly concluded that the doctrine of *res ipsa loquitur* is exclusively an evidentiary concept used to prove negligence, and declined to consider the issue. *See, e.g., Montgomery Elevator Co. v. Gordon*, 619 P.2d 66 (Colo.1980).

## III.

Plaintiff's third contention is that the trial court erred when it failed to consider factual findings made during the contempt hearings to be *res judicata*, and, as a result, made inconsistent findings relating to the location of freezing in the ditch. We disagree. Again, this is a law of the case question rather than a *res judicata* problem.

Findings made as part of a contempt order are conclusive, *Wall v. District Court*, 146 Colo. 74, 360 P.2d 452 (1961), and would, under almost any other circumstances, be the law of the case. Here, however, the parties and the judge *agreed* that the judge need not reconsider the evidence from the prior contempt hearing. In fact, when asked by the court if he wished to "mak[e] a motion now that [the court] consider the other evidence in the prior [contempt] hearing," plaintiff's attorney declined. He replied: "As far as I'm concerned, we will rely on the evidence of this case [referring to the trial on the merits]." The court then explained that it intended, in the absence of a motion, to rely only on the evidence produced at trial on the merits, and plaintiff made no objection. Under these circumstances, the court did not have the same evidence before it, and the plaintiff may not complain on appeal of the trial court's failure to make factual findings consistent with those made at the earlier hearing.

## IV.

The plaintiff also cites, for the first time, a number of instances in which he claims the court made findings of fact not supported by the evidence or in which it failed to make findings supported by the evidence. We may not reach those issues here.

Errors not set forth in a motion for new trial may not be considered on appeal. *Furer v. Allied Steel Co.*, 174 Colo. 171, 483 P.2d 212 (1971). Two of the errors plaintiff now argues were not set forth in his motion for a new trial or its accompanying memorandum: (1) That the court abused its discretion in finding that Rouse acted in good faith after consulting with engineers and an attorney, and (2) that the evidence supported other explanations than freezing at the culvert for the decrease in flow of plaintiff's ditch. Thus, we do not consider either of those arguments here.

Plaintiff's remaining contentions of error are without merit.

Judgment affirmed.

SMITH and TURSI, JJ., concur.