In re the MARRIAGE OF Maria
HERRERA, n/k/a Maria
Hurtado, Appellant,

and

Robert L. Herrera, Appellee.

No. 87CA1930.

Colorado Court of Appeals,
Div. III.

March 2, 1989.

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Chips Portales, Denver, for appellant.

No appearance for appellee.

KELLY, Chief Judge.

In this dissolution of marriage action, Maria Hurtado, f/k/a Maria Herrera, appeals the order of the trial court finding her in contempt for willful violation of the court's visitation orders. She contends the contempt order was based on insufficient evidence and that the sanctions imposed by the trial court were improper. She also appeals the trial court's denial of her motion to issue a contempt citation against Robert Herrera. We affirm.

The marriage of the parties was dissolved in 1981. In March 1987, the parties' stipulation regarding visitation was made an order of the court. It provided for visitation by the parties' minor daughter with the father on alternating weekends. However, on the weekend of August 21, 1987, the mother cancelled a scheduled visit because, she said, the child was sick and did not want to spend the weekend away from home. Subsequent scheduled visits were also cancelled.

In September 1987, the father filed a *pro se* verified motion to issue a contempt citation against the mother for her refusal to allow the August 21 visitation. The citation stated that it appeared the mother had failed to comply with the court's visitation order by refusing visitation since the weekend of August 9, 1987. It commanded her to appear and show cause why she should not be punished for contempt "and that to vindicate the dignity of the Court a fine or imprisonment may be imposed upon her."

In the succeeding weeks, the father contacted the mother to attempt to arrange visits but was told he could not see the child. On December 4, 1987, the mother refused to let the father take the child for a scheduled visit because, according to the mother, the father appeared to be intoxicated.

On December 7, 1987, the mother filed a motion to issue a contempt citation against the father, alleging he had failed to obtain health insurance for the child and to attend mediation as ordered by the court. The motion was supported by an affidavit from the mother's attorney. The court denied the motion on the ground that the affidavit or verification must be by a party.

The mother's contempt hearing was held on December 11, 1987. At this hearing, evidence of violations subsequent to the date of the citation was introduced and considered without objection. The trial court found the mother in contempt after concluding she had willfully disobeyed the visitation orders although she had the present ability to comply.

In reaching its decision, the trial court determined that only one visit had occurred since the weekend of August 9, 1987. It

**678**

found no evidence of endangerment, abuse, or neglect of the child during any visitation. On the contrary, the mother's only justification for noncompliance was that the child "does not feel comfortable with visitation," primarily because of the father's new wife. The court determined, however, that the child's stress was at least partially attributable to the mother's negative attitude towards visitation. Moreover, it concluded that, even if the father had been intoxicated on December 4, 1987, that fact did not excuse other denied visitations.

As punishment for the mother's contempt, the court imposed a 15–day jail term to vindicate the dignity and authority of the court. Fourteen days of the sentence were suspended on the condition that the mother comply with the visitation orders. The citation was continued to the first week in January 1988 for a review hearing at that time. Further, pursuant to § 14–10–129.5, C.R.S. (1987 Repl.Vol. 6B), the court imposed remedial sanctions, including makeup visitation and requiring the mother to post a $500 bond. It also ordered her to pay the father $201.70 for costs he had incurred in the contempt proceedings.

On January 5, 1988, the trial court held a review hearing on the contempt citation. It found the mother in compliance with the visitation orders, including Christmas visitation, and dismissed the contempt citation. However, the court continued the security bond to insure the mother's future compliance.

## I.

Initially, we note that several of the mother's contentions are premised on the ground that, in conducting the contempt proceedings, the trial court failed to confine itself within the strictures of C.R.C.P. 107. However, C.R.C.P. 107 does not govern procedure and practice in contempt proceedings in dissolution of marriage actions insofar as it is inconsistent or in conflict with the procedure and practice provided by the applicable statute, here, § 14–10–129.5, C.R.S. (1987 Repl.Vol. 6B).

C.R.C.P. 81(b); see Moats v. Moats, 168 Colo. 120, 450 P.2d 64 (1969); § 14–10–105(1), C.R.S. (1987 Repl.Vol. 6B). Thus, for example, while C.R.C.P. 107(c) permits the court to issue a contempt citation upon a "motion supported by affidavit" of any person, § 14–10–129.5(1) requires that a motion alleging noncompliance with a visitation order be verified by a *parent.*

The statute does incorporate all of the remedial sanctions and, with the attendant due process requirements of notice and hearing, the punitive sanctions of C.R.C.P. 107. See § 14–10–129.5(2)(e), C.R.S. (1987 Repl.Vol. 6B). It is broader than the rule, however, in that it expressly provides additional remedial sanctions such as makeup visitation and the posting of a bond to insure future compliance. Accordingly, to the extent the mother alleges error in the trial court's failure to follow C.R.C.P. 107, as opposed to § 14–10–129.5, her arguments fail.

## II.

The mother contends that there was insufficient evidence presented at trial to justify a contempt finding and that the trial court erred in refusing to allow one of her witnesses to testify. We disagree.

The conduct of a contempt proceeding is within the sound discretion of the trial court, and absent a clear showing of an abuse of that discretion, the trial court's determination is final. *Conway v. Conway,* 134 Colo. 79, 299 P.2d 509 (1956). The reviewing court may not " 'act as trier of facts to ascertain the sufficiency of evidence to support a contempt charge. Where the trial court has jurisdiction and regularly pursues its authority, and there is evidence of contempt, its decision on the facts is conclusive.' " *Wall v. District Court,* 146 Colo. 74, 360 P.2d 452 (1961), *quoting Fort v. Co–Operative Farmers' Exchange,* 81 Colo. 431, 256 P. 319 (1927).

Here, it was undisputed that only one visitation had taken place between August 9, 1987, and the date of the hearing, December 11, 1987. However, the record

indicates that the parties disagreed and presented conflicting evidence on nearly every other issue of fact. Other than the child's purported illness on August 21, 1987, and the father's alleged intoxication on December 4, 1987, the mother offered no explanation for the missed visitations except to state that the child felt uneasy about staying at her father's home. The father denied ever attempting to pick up the child when he was intoxicated and testified the mother had flatly refused to allow him to see the child at all.

The trial court accepted the father's version of the facts and questioned the mother's credibility. Thus, the trial court's contempt finding, though based on conflicting evidence, is supported by the record and will not be disturbed on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

■ The trial court correctly refused to allow the mother's 15–year–old neighbor to testify regarding the father's alleged intoxication on December 4, 1987. The mother's offer of proof regarding this testimony indicates that it would have been merely cumulative. *See People v. Unrein*, 677 P.2d 951 (Colo.App.1983); CRE 403.

### III.

■ The mother further contends that the trial court erred in requiring her to post a security bond and schedule makeup visitation because the contempt citation gave her notice only of a possible fine or imprisonment and the father's motion sought only reimbursement of his costs. We perceive no error.

■ The mother's argument fails to recognize the distinction between remedial and punitive orders in the contempt setting. Only a punitive order requires notice of the sanctions which may be imposed. Thus, C.R.C.P. 107 provides that "to vindicate the dignity of the court, *if the citation so states*, a fine or imprisonment may be imposed." (emphasis added)

Our supreme court has construed this notice requirement as follows:

"In formulating [C.R.C.P.] 107(d), the court recognized the distinction between a remedial order, the purpose of which is primarily to enforce obedience to its writ, and a punitive order to vindicate the authority of the law and uphold the dignity of the court. In the former case the fine which may be imposed is limited to the damages and expense resulting from the contempt and is payable to the person damaged thereby, and the imprisonment which may be imposed may continue only until the contemnor shall comply with the order of the court. In the latter case the fine or imprisonment is not dependent on damage or subsequent performance, but is a matter solely within judicial discretion. In the former case the contemnor is advised of the acts asserted as showing contempt by the affidavit and is advised by the rule as to the limit of the punishment.

"On the other hand, if a punitive, rather than a remedial, fine or imprisonment is to be inflicted, it is proper that the person charged should have notice of such purpose and its likely more serious result in order that he may be enabled understandingly to shape his course and prepare his defense."

*Shapiro v. Shapiro*, 115 Colo. 501, 175 P.2d 387 (1946).

We conclude that this same rationale applies to the notice requirement of § 14–10–129.5(1), which states that the motion alleging noncompliance must set forth "the possible sanctions that may be imposed by the court." Hence, under the statute, notice of potential *punitive* sanctions, *i.e.*, fine or imprisonment to vindicate the authority and dignity of the court, is all the notice required to satisfy due process. In contrast, remedial sanctions do not require notice since they are delineated by the statute and are imposed to compel the violator to comply with an existing order by which he or she is already bound. *See Shapiro v. Shapiro, supra.*

Here, the father's verified motion alleged the mother's noncompliance with the visitation order and sought reimbursement of the father's costs in prosecuting the contempt. The contempt citation stated that a fine or imprisonment might be imposed

upon her to vindicate the dignity of the court. Thus, the mother was given notice of potential punitive sanctions, and the notice requirement of § 14–10–129.5 was satisfied. *See also People v. Razatos*, 699 P.2d 970 (Colo.1985).

## IV.

The mother also argues that the trial court erred in awarding the father lost wages for attending the contempt proceedings because lost wages are not the type of expenses contemplated by § 14–10–129.5(2)(g), C.R.S. (1987 Repl.Vol. 6B) for which a parent should be reimbursed. Again, we disagree.

Section 14–10–129.5(2)(g) is broader than C.R.C.P. 107 in allowing an award of costs and expenses incurred by a parent because of the other parent's failure to provide or exercise court-ordered visitation. Here, the father, acting *pro se*, was forced to take two days' leave from work in order to attend the contempt proceedings and incurred expenses for repeated attempts to serve the mother, who was avoiding service of process.

Under circumstances similar to those here at issue, this court has awarded, in addition to attorney fees, other types of expenses incurred by the aggrieved party such as lost wages, telephone bills, and travel expenses. *See People v. Cheek*, 734 P.2d 654 (Colo.App.1986) (applying Colo. Sess.Laws 1979, ch. 157, § 16–11–204.5(1) at 664, to reimburse father for expenses incurred in regaining custody of minor child after mother's violation of custody order). Here, the trial court was careful to award only those expenses actually incurred by the father in pursuing these contempt proceedings against the mother. The $201.70 award was within the trial court's discretion and is supported by the evidence. *See Conway v. Conway, supra.*

## V.

We reject the mother's contention that the trial court erred in refusing to release the bond when it dismissed the contempt citation against her. Section 14–10–129.5(2)(c), C.R.S. (1987 Repl.Vol. 6B) allows the court, after a hearing and if it "finds that a parent has not complied with the visitation order or schedule and has violated the court order," to require the violator to post bond or security to insure future compliance. The bond is independent from any express finding of contempt or attendant sanctions as provided by § 14–10–129.5(2)(e). *See In re Marriage of Crowley*, 663 P.2d 267 (Colo.App.1983).

Although remedial in nature, the purpose of a bond is to insure future compliance with the court's orders, not to make amends for past violations. Thus, the bond need not be released upon dismissal of the contempt citation merely because the parent has complied with the visitation orders in the interim. Instead, the court may continue the bond until such time as it may reasonably determine that the bond is no longer required to insure compliance with the visitation orders. Accordingly, the trial court did not err in continuing the mother's bond.

## VI.

Finally, we refuse to consider the mother's contention that the trial court erred in denying her motion to issue a contempt citation against the father. Nothing in the trial court's ruling precluded the mother from refiling the motion with a verification complying with § 14–10–129.5, C.R.S. (1987 Repl.Vol. 6B). Thus, the posture of the case is comparable to that presented in *District 50 Metropolitan Recreation District v. Burnside*, 157 Colo. 183, 401 P.2d 833 (1965), in which review of an order granting a motion to dismiss the complaint was sought. As in that case, there is here no reviewable order or judgment from which an appeal may be taken.

ORDER AFFIRMED.

NEY and FISCHBACH, JJ., concur.