**In re the MARRIAGE OF Shirley Marie HOFFMAN, n/k/a Shirley M. Graham, Appellant,**

**and**

**Darrel Matthew Hoffman, Appellee.**

**No. 93CA1339.**

Colorado Court of Appeals, Div. IV.

June 2, 1994.

Theodore W. Brin, Denver, for appellant.

No appearance for appellee.

Opinion by Judge MARQUEZ.

In this post-dissolution of marriage proceeding, Shirley Marie Hoffman (mother) appeals an order abating the child support obligation and modifying the parenting time of Darrel Matthew Hoffman (father). We affirm in part and reverse in part.

The parties' marriage was dissolved in 1991. The mother was awarded sole custody of their two children, and the father was awarded "reasonable and liberal" parenting time, including every other weekend and alternate holidays. The father was ordered to pay $336 per month child support.

In October 1992, the father filed a motion for sanctions for the mother's non-compliance with the parenting time provisions of the permanent orders. He alleged that some visits had been missed and that the mother and the children might move from the state. He asked the court to impose sanctions as provided in § 14–10–129.5, C.R.S. (1987 Repl. Vol. 6B) and requested an order restraining the mother from moving out of the state without court approval, but did not request that child support be abated. The mother's response filed in November 1992 attempted to explain the missed visits and acknowledged a possible move.

In January 1993, the mother filed a motion for an expedited hearing and modification of the parenting time orders, as she and the children were about to move to Singapore. The father then supplemented his motion for sanctions, alleging that her non-compliance with the parenting time orders was "malicious and deceitful."

In June 1993, the court ruled on the father's motion for sanctions for non-compliance with permanent orders. The court determined that the mother was not in compliance with the parenting time orders, that she had effectively terminated father's rights to visit with his children, and that the father was entitled to visit the children at least twice a year and have unlimited phone calls with them. However, the court's order did not contain a provision preventing mother from moving from the state.

The court further found that the father's transportation to Singapore would cost $3500 per trip and the calls about $500 per year. The court then abated the father's child support obligation:

Child support shall remain abated to allow [the father] to save enough money to eventually visit his children in Singapore. The abatement of support shall last as long as the [mother] remains with the children in Singapore.

The court also ordered the mother to notify the father when she and the children are in the United States and awarded the father visits of up to two weeks on such occasions.

## I.

■ The mother first contends that the trial court abused its discretion by conditioning child support on the anticipated lack of parenting time. We agree.

In imposing sanctions under § 14–10–129.-5(2)(a), C.R.S. (1993 Cum.Supp.), the trial court "shall separate the issues of child support and parenting time and shall not condition child support upon parenting time."

Here, the abatement of support was contrary to the statutory directive. *See also In re Marriage of Peper*, 38 Colo.App. 177, 554 P.2d 727 (1976) (child support should not be abated because a parent has violated orders, as that punishes the child for the acts of the parent).

## II.

■ The mother next contends that the award of future travel expenses was not allowed under § 14–10–129.5. We agree.

Section 14–10–129.5(2)(g), C.R.S. (1993 Cum.Supp.) authorizes the court to award an aggrieved party, when appropriate, actual expenses, including those incurred by a parent because of the other parent's failure to provide court-ordered parenting time.

Here, the order abating child support was not premised on any actual expenses incurred as a result of the mother's failure to provide parenting time. Instead, the father's travel expenses would be incurred in the future, if at all, in exercising his current parenting time rights. Therefore, the abatement was not proper as an award of "actual" travel expenses. *Cf. In re Marriage of Herrera*, 772 P.2d 676 (Colo.App.1989) (award of only those expenses actually incurred in pursuing contempt proceedings).

■ Even if the abatement was intended as a modification of the father's child support obligation, it was not proper here. No motion for modification of child support was before the trial court. And, while a *child's* transportation expenses may be divided between the parents in proportion to their adjusted gross incomes, the child support guideline does not provide for allocation of a *parent's* travel expenses. *See* § 14–10–115(13)(a)(II), C.R.S. (1993 Cum.Supp.).

■ We recognize that a deviation from the guidelines might be appropriate to account for a parent's extraordinary travel expenses in some circumstances. If the court determines that application of the guideline would be inequitable, unjust, or inappropriate, it may deviate from the presumptive guideline amount, provided it makes the necessary specific factual findings. *See* § 14–10–115(3), C.R.S. (1993 Cum.Supp.); *In re Marriage of Miller*, 790 P.2d 890 (Colo.App. 1990); *In re Marriage of English*, 757 P.2d 1130 (Colo.App.1988).

However, here the trial court did not indicate that it either applied or deviated from the guideline. Further, in our view, the court's findings would not justify a complete abatement of the father's support obligation. *See In re Marriage of Nielsen*, 794 P.2d 1097 (Colo.App.1990). Therefore, we conclude that the abatement must be set aside.

## III.

The mother also contends that the trial court failed to make adequate findings of fact on her motion to modify parenting time. We find no merit in that contention.

In ruling on the father's motion for sanctions, the trial court modified the parenting time schedule, allowing the father visits when the children are in the United States, as well as visits in Singapore, and unlimited phone conversations. *See* § 14–10–129.5(2)(b), C.R.S. (1993 Cum.Supp.) (trial court may modify an existing parenting time order to meet the best interests of the child). Therefore, the trial court in effect has ruled on the matters raised in the mother's January 1993 motion, and no additional findings or ruling appear to be necessary.

Further, the mother does not contend that the modified parenting time awarded to the father was an abuse of discretion. Rather, the modified arrangement is consistent with the proposal stated in her January 1993 motion. And, as she has not provided us with a transcript of the hearing on which the court based that arrangement, we may presume that it was proper and adequately supported by the evidence. *See Alessi v. Hogue,* 689 P.2d 649 (Colo.App.1984).

The order abating the father's child support obligation is reversed. In all other respects, the order is affirmed.

PLANK and ROTHENBERG, JJ., concur.